FREDERICK U. TRACY *vs.* CHARLES J. MERRILL & others.

An action cannot be maintained upon a constable's official bond, on proof of a judgment against him in a suit for official misconduct, without evidence of a demand upon him 'o pay the amount of the judgment.

To an action against a constable for breach of his official bond, a judgment in his favor in a former action on the bond for the same breach is not a bar, if it appears from the record that it may have been rendered for want of a sufficient demand upon him, which has since been made.

A person injured by the breach of the condition of a bond, given by a constable to the treasurer of Boston under St. 1860, c. 147, may sue thereon in the name of the treasurer.

CONTRACT, in behalf of Jonathan Cottle, on the bond given by Merrill, as principal, and the other defendants, as sureties, to the plaintiff, as treasurer of the city of Boston, for the faithful discharge of Merrill's duties as a constable.

At the trial in the superior court, at January term 1869, before *Morton*, J., the plaintiff proved the appointment of Merrill as constable and the execution of the bond, and also introduced in evidence the record of an action of *Cottle* v. *Merrill* in that court, by which it appeared that Cottle, on December 21, 1867, recovered judgment in that action against Merrill, for attaching his property on a suit against another person. The plaintiff also introduced evidence of the issue of execution on said judgment, and of the return by the officer who served it of demand on Merrill for its amount, of Merrill's refusal to pay, and of the return of the execution in no part satisfied.

The defendants then introduced in evidence the judgment of that court in an action of *Tracy* v. *Merrill & others*, rendered in Merrill's favor at April term 1868, and the report of *Reed*, J., before whom said action was tried. From this report it appeared that said action was brought in behalf of Cottle on the same bond on which the present action was brought; that the plaintiff introduced in evidence the record and judgment in the abovementioned action of *Cottle* v. *Merrill;* that it was admitted that no execution was issued on said judgment; that the defendants contended that the action could not be maintained, because no demand had been made on any of the defendants

for payment of the said judgment, because the record in the case of *Cottle* v. *Merrill* did not show any official malfeasance of Merrill, because the evidence did not show any breach of the bond, and because the declaration was insufficient; that the judge ruled that upon the evidence the action could not be maintained, and directed the jury to return a verdict for the defendants, which they did; and that judgment was rendered thereon for the defendants.

The defendants asked the judge to rule that the judgment in their favor in this former action of *Tracy* v. *Merrill* was a bar to the present action; but the judge ruled that, inasmuch as it did not appear but that the former action had been decided in their favor on the ground that there had been no demand on the judgment, and as such a demand had been since made and proved in the present action, the judgment in the former suit was not a bar; and he directed a verdict for the plaintiff, which was returned. The defendants alleged exceptions.

*F. W. Sawyer*, for the defendants. The judgment in the former suit was a bar. *Arnold* v. *Arnold*, 17 Pick. 4. Cottle had no right to bring a suit on the bond in the name of the treasurer. *Commonwealth* v. *Hatch*, 5 Mass. 191. St. 1860, *c.* 147. The right of action was as good at the time of bringing the former suit as now; taking out execution and making demand gave Cottle no greater rights.

*J. D. Thomson*, for the plaintiff.

AMES, J. The record in the former suit between these parties is conclusive upon the point that, as the facts then stood, the plaintiff was not entitled to recover. But it does not necessarily follow that he is in the same situation now. It is true that he cannot bring a new action for the purpose of trying the same question over again, and putting in new evidence, which he had overlooked or considered immaterial. The first case may have been decided, not upon its merits, but on some technical informality; or it may have been prematurely brought. The former suit, it is true, was brought upon the same bond, but the plaintiff insists that the judgment in that action was rendered solely upon the ground that his right of action had not then ac-

crued, for want of demand upon Merrill before the commencement of the action. The record shows that precisely that ground of defence was insisted upon in the defendants' answer, and it was a full and unanswerable defence. Gen. Sts. *c.* 18, § 62, and *c.* 101, § 19. But since the determination of that suit, execution has been taken out in the case of *Cottle* v. *Merrill;* demand has been made upon Merrill for payment, which he has refused; and the execution has been returned in no part satisfied. The judgment in the former suit only decides that Merrill and his sureties are not liable in a suit on his official bond, without proof of neglect on his part, on demand made by the creditor, to pay the debt; a very different question from that presented by the case in its present position. In order that a prior judgment should be a conclusive bar, the parties should be the same, and the question at issue, or involved in the controversy, the same. *Norton* v. *Huxley,* 13 Gray, 285. *New England Bank* v. *Lewis,* 8 Pick. 113. *Wilbur* v. *Gilmore,* 21 Pick. 250. *Walbridge* v. *Shaw,* 7 Cush. 560. *Shears* v. *Dusenbury,* 13 Gray, 292. *Gilbert* v. *Thompson,* 9 Cush. 348. *Andrews* v. *Brown,* 3 Cush. 130. *Gage* v. *Holmes,* 12 Gray, 428. *Perkins* v. *Parker,* 10 Allen, 22. *Burlen* v. *Shannon,* 14 Gray, 433. *Same* v. *Same,* 99 Mass. 200. We see no ground whatever for holding the former judgment a conclusive bar to the prosecution of this action. The parties are the same, but the question at issue is very different.

The case of *Lowell* v. *Parker,* 10 Met. 309, and the recent case of *Tracy* v. *Goodwin,* 5 Allen, 409, are quite decisive as to all the other points taken by the defendants at the argument.

*Judgment for the plaintiff.*