WILLIAM J. PRATT, TRUSTEE, vs. JONATHAN W. POND.

Where an execution is served upon chattels and is not returned, the levy is not invalidated.

It is otherwise with mesne process, which must be returned to sustain the legality of the proceedings had under it.

Questions of ownership of personal property are generally mere questions of fact.

But held that, in the present case, where a wife claimed to be the owner, and her title depended upon the validity, as against the creditors of the husband, of transactions between her husband and herself, the question was so much one of law that the court could review the conclusion of the court below upon a special finding of the facts.

TRESPASS for taking a horse, with a count in trover; brought to the Court of Common Pleas. The plaintiff sued as statutory trustee of the property of his wife. The defendant set up in defense a levy upon the horse, made by him as

a constable, of an execution against the plaintiff personally. The court (*Stoddard, J.,*) made a special finding of the facts and rendered judgment for the defendant. The plaintiff brought the record before this court by a motion in error. The case is fully' stated in the opinion.

*W. C. Robinson*, for the plaintiff.

*C. H. Fowler*, for the defendant.

LOOMIS, J. This is an action of trespass and trover to recover the value of a horse belonging, as alleged, to Charlotte E. Pratt, and which was taken by the defendant as constable, by the levy of an execution in favor of one Holbrook against William J. Pratt, the husband of said Charlotte E.

It appears by the record that this case was before this court at its June term, 1877, and was then dismissed upon the ground that the record presented no question of law.

It was afterwards tried in the court below and decided in favor of the defendant, and comes again to this court upon a special finding of facts, and a motion in error filed by the plaintiff, predicated upon the following claims made by the plaintiff, all of which were overruled by the court.

1st. That the giving of the bill of sale of the horse by Clark to Mrs. Pratt, and the delivery of the horse to her on the 17th of April, 1872, as set forth in the finding of facts, vested the title to the horse in her, or in the plaintiff as her trustee, and that the plaintiff was entitled to recover of the defendant the value of the horse at the time it was taken, and interest.

2d. That upon the facts as found the consideration for the sale of the horse moved from Mrs. Pratt.

3d. That even if the consideration came from Mr. Pratt, the giving of the bill of sale to Mrs. Pratt by Clark, and the delivery of the horse to her, with the knowledge and concurrence of her husband, under the circumstances set forth in the finding of facts, constituted a valid gift to her from her husband.

4th. That the execution in *Holbrook* v. *Pratt*, issued on

the 16th of October, 1874, was no justification to the officer, for the reason that it was not returned to court until January 21st, 1875.

Before the argument was heard upon the merits the counsel for the defendant made a motion to dismiss the case, upon the ground that no question of law was raised on the record and that this court could not review inferences of fact.

But as the fourth point, relative to the effect of delay in returning the execution, was a pure question of law, we denied the motion, and concluded to hear the argument upon the whole case.

The fourth point however was not urged in the argument for the plaintiff, and the claim was doubtless originally made in consequence of overlooking the distinction between mesne and final process, as to the necessity of a return.

In *Toby* v. *Reed*, 9 Conn., 216, HOSMER, C. J., in giving the opinion, said: "It is established law that mesne process must be returned, or that the arrest or attachment by virtue of it is tortious; the end of the proceeding being to compel the defendant to appear and answer the plaintiff. But if an execution is duly served on chattels, and is not returned, the proceeding is valid; for the plaintiff has obtained the effect of his suit, and nothing afterwards is to be done on his part."

Having found no error in this point, we were in doubt whether the remainder of the case raised any question of law for our consideration. If the court had found, as matter of fact, the ownership of the horse at the time in question, we could not revise the finding unless for some error in law, disclosed of record, that entered into this finding. But the court did not find by whom the horse was owned, as matter of fact. There is a special finding of facts upon which the parties, as matters of law, predicated their respective claims of title, and these questions were evidently disposed of as matters of law by the court.

In *Myers* v. *King*, 42 Maryland, 65, it was held that "what is a legal transfer of property is a question of law." In ordinary cases questions of ownership are doubtless mere questions of fact, but when the question, as here, is compli-

cated by the relation and respective rights of husband and wife, and the validity of certain transactions or gifts between them is called in question by a creditor of the husband, we think there are involved some elements of law that will justify a review by this court.

We have indeed repeatedly and quite recently decided the question of a wife's title to property, upon special findings of facts presented substantially as in the case at bar. *Wheeler v. Wheeler*, 43 Conn., 503; *Sanford v. Atwood*, 44 Conn., 141.

The following is a condensed statement of the facts found by the court, re-arranged so as to present them in consecutive order.

Some twenty years ago Mr. Pratt purchased a lot of land to build thereon a dwelling-house for himself and wife; and put into it four hundred dollars borrowed from his wife at the time of their marriage, ten years before. He also paid some of his own money, but how much does not appear, and the deed was taken in the name of his wife alone. By mortgage of this land they borrowed four thousand dollars, which was used in erecting the house, the husband performing most of the labor himself, being a joiner and carpenter by trade. On these premises Mr. and Mrs. Pratt have resided for about twenty years. The mortgage is still outstanding. In the year 1870 Mr. Pratt contracted with one Hemingway to build a house and barn for three thousand dollars, and to take in payment a lot of land and a barn standing partly on the lot and partly on other land of Hemingway, valued at $3,000. But in order to get the money to perform this contract, at the same time he arranged with his wife that Hemingway should convey the land and barn to her if she would raise the three thousand dollars required by mortgage of her land; which arrangement was carried into effect by all parties. In April, 1872, Mrs. Pratt by mortgage on the Hemingway lot raised two thousand dollars, which Mr. Pratt used in his business. Soon after this mortgage was executed Mr. Pratt contracted with one Clark to sell him the land without the barn for twenty-seven hundred dollars, two thousand to be paid by assuming the last mentioned mortgage, and $700 by note to

Mrs. Pratt, payable at bank ninety days after date. A few days after a further contract was made, by which the barn was to be included, and Clark was to pay for the same by giving a bill of sale of the horse, which is the subject of the present suit, to Mrs. Pratt. Mrs. Pratt was consulted, and acceded to all the arrangements with Clark, and all was carried into effect by giving the necessary deeds and bill of sale. The horse was delivered to her, and from that time, until it was taken by the defendant, she has used and claimed it as her horse. Mr. Pratt however used it occasionally in his business, and also other members of the family, but always as Mrs. Pratt's horse. The horse when taken by the defendant was upon the premises occupied by Mr. and Mrs. Pratt, and to which she had held the title for twenty years. The execution was levied on the horse in October, 1874, more than two years after the purchase by Mrs. Pratt.

In all these transactions no fraud is found, and no purpose to sequester or conceal the property of the husband in the name of the wife.

And there was not only no fraud in fact, but none in law; no retention of possession after the sale, no color even of ownership in Mr. Pratt on the faith of which credit was given to him.

At the time when the several arrangements were made when property was conveyed to the wife, it does not appear that Mr. Pratt was indebted to Holbrook, the execution creditor, or that the latter was in a position to assail any of these transfers as fraudulent. It does however appear that at the time of the levy Mr. Pratt was the owner of property not exempt from execution of sufficient value to have satisfied the execution, which was levied on the horse.

We conclude, therefore, that the giving of the bill of sale of the horse by Clark to Mrs. Pratt, and the delivery of the horse to her, under the circumstances stated in the finding of facts, vested the title in her, and that judgment should have been given for the plaintiff; and that in overruling the claims of the plaintiff in this regard there was error.

In this opinion the other judges concurred.