CITY OF FALL RIVER *vs.* JOHN C. RILEY & others.

Bristol.    Oct. 29, 1884. — Jan. 9, 1885.    C. ALLEN & COLBURN, JJ.,
                                absent.

An action may be maintained upon a constable's bond, on proof of a judgment against him in an action for official misconduct, although no demand has been made upon him for payment of the amount of the judgment, if he has rendered such demand impossible by his withdrawal from the State.

CONTRACT, for the benefit of M. B. Slocum, for the breach of a bond executed by the defendant Riley as principal, and by the other defendants as sureties, and conditioned for the faithful

performance by Riley of his duties, as a constable of the city of Fall River, in the service of all civil processes committed to him; the breach alleged being the suffering one Maynard, who had been arrested by Riley upon a writ in favor of the plaintiff, to escape from custody.

Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The plaintiff proved the appointment of Riley as a constable of Fall River for the year 1881, the execution of the bond in suit, and that the same was duly approved by the board of aldermen.

The plaintiff also put in evidence a certified copy of a judgment obtained by Slocum against Riley in the Second District Court of Bristol, in an action of tort, on January 23, 1884, for the same act of suffering an escape, substantially as is alleged in this action; and evidence, by attested copies, that said action of tort was entered in said District Court on February 5, 1883, that Riley was defaulted on May 9, 1883, and that execution issued on January 25, 1884, and was returned unsatisfied on September 24, 1884. The return was as follows: " Commonwealth of Massachusetts. Bristol, ss. Fall River, March 25, 1884. By virtue of the within writ of execution, I have made diligent search for the goods or chattels or lands of the within named John C. Riley within my precinct with which to satisfy the same, and have been unable to find any; I have also made diligent search for said Riley, to make demand on him for payment of the same, but have been unable to find him, he having left the State before this execution was put into my hands, it having been in my hands from date thereto. I therefore return this execution unsatisfied. Wm. Graves."

Graves testified that he had been an acting constable for three years; that he thought he was acting as constable in serving said execution; that, at the time the execution was put into his hands, he was directed by Slocum's counsel to make a demand on Riley to pay the execution; that he went to Riley's last and usual place of abode in Fall River for that purpose, and saw Riley's wife and talked with her; that the time of the facts stated in his return, as to his search for Riley, and of his going to his last and usual place of abode, was in

January; and that he continued to hold the execution, but never saw Riley.

Slocum testified that Riley admitted to him that he took Maynard, and let him go.

The plaintiff asked the judge to rule that there was evidence to go to the jury ; but the judge declined so to rule ; ruled, as requested by the defendants, that the action could not be maintained ; and ordered a verdict for the defendants.   The plaintiff alleged exceptions.

*J. M. Wood*, for the plaintiff.

*H. K. Braley*, for the defendants.

DEVENS, J.   It was held in *Tracy* v. *Merrill*, 103 Mass. 280, that an action could not be maintained upon a constable's official bond, on proof of a judgment against him in a suit for official misconduct, without evidence of a demand upon him to pay the amount of the judgment.   The plaintiff contends that this decision does not apply to the case at bar, as the bond then in suit was that of a constable of Boston, the liability on which was governed by the St. of 1814, *c.* 165, then in force, which statute, by its terms, applied only to the city of Boston.   That statute was held to be still in force in the previous cases of *Tracy* v. *Goodwin*, 5 Allen, 409, and *Calder* v. *Haynes*, 7 Allen, 387, and in the subsequent case of *Tracy* v. *Warren*, 104 Mass. 376, notwithstanding the more general legislation which had taken place after its enactment.

The case of *Tracy* v. *Merrill* is not, in the opinion of the court, placed upon the St. of 1814, but upon the Gen. Sts. *c.* 18, § 62, and *c.* 101, § 19, which are substantially reënacted in the Pub. Sts. *c.* 27, § 115, and *c.* 143, § 10.   The St. of 1814 does indeed provide that, before any action shall be brought upon the official bond of the constable, judgment shall be recovered against him for his misconduct, &c. ; but it does not provide for the demand upon him which, in *Tracy* v. *Merrill*, was held to be essential.

The Pub. Sts. *c.* 27, § 115, provide that any person injured by the breach of the condition of a constable's bond " may at his own expense institute a suit thereon in the name of the town, and like proceedings shall be had as in a suit by a creditor on an administration bond."   The Pub. Sts. *c.* 143, § 10,

provide that the bonds of executors and administrators may be put in suit by a creditor of the deceased for his own benefit, "when such creditor has recovered judgment for his debt against the executors or administrators, and they have neglected upon demand made by him to pay the same," &c. Although not perhaps very clearly expressed, these provisions contemplate, not merely that like proceedings will take place after suit brought on a constable's bond, but that suits are to be brought under similar circumstances.

That such is their meaning is strongly fortified by the analogy which suits on the official bonds of constables would then bear to those on the official bonds of sheriffs, which can ordinarily only be sued by those who have recovered judgment against the sheriff. Gen. Sts. *c.* 17, § 57. Pub. Sts. *c.* 25, § 9. The responsibilities of constables authorized to serve civil process are identical with those of sheriffs. To maintain this action, it was therefore necessary that the plaintiff should recover judgment against the principal, and should demand payment of the same, or show sufficient reason for his failure to do so.

The plaintiff did recover judgment against the principal Riley; he did not make demand upon him; and the question remains whether he has offered evidence of facts and circumstances which would or might properly be held by the jury to excuse him. The execution was placed in the hands of one Graves, but the return made by him does not show that he was an officer qualified to serve civil process. The facts stated in the so-called return were, with some others, testified to by Graves as a witness; and they tended to show that Riley had left the State, and that it was impossible to demand payment of Riley personally. It is not necessary that any demand shall be made by an officer, or that the execution shall be placed in the hands of one for that purpose. Where judgment is recovered against an executor, and he waives any demand upon him, it need not formally be made in order to lay the foundation of an action upon his bond, and thus to charge his sureties. *Miles* v. *Boyden*, 3 Pick. 213. *Heard* v. *Lodge*, 20 Pick. 53. Where a state of things is proved to exist that shows a demand to be useless and unavailing, as where a party has disabled himself from complying with it, it ordinarily need not be made, as the law does not compel

one to useless ceremonies. *Cooper* v. *Mowry*, 16 Mass. 5. *Clark* v. *Moody*, 17 Mass. 145. As a party may waive a demand, because its object is to enable him to perform his duty or comply with his contract, it would seem also that he might obviate the necessity of it by his own conduct. If he has withdrawn from the jurisdiction, so that no demand upon him is then legally possible, the party whose duty it is to make it will have exhausted his power when this appears to him upon full inquiry. Such circumstances must excuse the demand, for it cannot have been the intention of the statute that the party entitled to the benefit of an administration bond, or an official bond such as is sued in the case at bar, should be deprived of it by such conduct on the part of the principal. As he may waive a demand so that his sureties as well as himself shall be bound thereby as if it were actually made, the predicament in which he has placed himself by making such demand legally impossible must operate as such waiver.

The case should, therefore, have been submitted to the jury upon the inquiry whether the defendant Riley had rendered a demand upon himself impossible by his withdrawal from the State.                                        *Exceptions sustained.*