## JOSEPH WEHRLE *vs.* SILAS GURNEY.

Suffolk.  January 20, 1888. — March 2, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bail — Scire Facias — Notice — Officer's Return — Statute — Evidence.*

*Scire facias* lies against bail under the Pub. Sts. c. 163, § 7, immediately upon a return of *non est inventus* on the notice issuable upon an application for an arrest on execution under the Pub. Sts. c. 162, § 19, without waiting for the return day of the execution.

An officer's return on such a notice, that after "diligent search" he could not find the judgment debtor "or any last and usual place of abode, tenant, agent, or attorney of his," and could make no service upon him, is sufficient, and is admissible in evidence on the *scire facias*, the words "tenant, agent, or attorney" being immaterial.

SCIRE FACIAS against a surety on a bail bond. Writ dated November 12, 1886. At the trial in the Superior Court, before *Pitman*, J., without a jury, the following facts appeared:

The plaintiff brought an action against one Mapleson, who, upon his arrest on mesne process, on January 16, 1886, gave the bail bond as principal, with the defendant as surety. Judgment was obtained against Mapleson in that action, in which he appeared by attorney on November 1, 1886, and an execution issued on November 5, 1886, upon which there was no return. On November 8, 1886, a notice under the Pub. Sts. c. 162, § 19, returnable on November 12, 1886, at eleven o'clock, A. M., was duly issued by a magistrate, to whom the execution had been presented, and was placed for service in the hands of an officer, whose return upon the notice was as follows: "I have made diligent search for the within-named judgment debtor, but was unable to find him or any last and usual place of abode, tenant, agent, or attorney of his, within my precinct, and could make no service of citation upon him. Thos. Fee, Jr., Deputy Sheriff." This return was offered in evidence by the plaintiff, and admitted under objection.

The defendant requested the judge to rule that the action had been prematurely brought, and could not be maintained on the facts as matter of law. The judge refused so to rule, but ruled

that the action had not been prematurely brought, and found for the plaintiff; and the defendant alleged exceptions.

G. M. Hobbs, (E. Avery with him,) for the defendant.

G. L. Huntress, (H. Albers with him,) for the plaintiff.

KNOWLTON, J.   It is provided in the Pub. Sts. c. 163, § 7, in relation to suits upon bail bonds, that "in case of the avoidance of the principal and a return on the execution that he is not found, or a return on the notice mentioned in section nineteen of chapter one hundred and sixty-two, that after diligent search by the officer serving the notice the principal is not found, his bail shall be obliged to satisfy the judgment," &c.   The defendant contends that, after such a return on the notice, suit cannot be brought on a bail bond until the expiration of sixty days from the date of the execution.   But no foundation for his contention is found in the language of the statute, or in the history of the legislation from which it is compiled.

The first alternative named in the section, "the avoidance of the principal and a return on the execution that he is not found," cannot occur until the expiration of sixty days from the date of the execution, for until then the execution is not returnable.   Niles v. Field, 2 Met. 327.   Adams v. Cummiskey, 4 Cush. 420.   Nor unless a certificate authorizing an arrest is attached to the execution.   Rhodes v. Brooks, 16 Gray, 170.

Upon the passage of the St. of 1877, c. 250, requiring notice to the debtor and a hearing by a magistrate before a certificate for arrest could be attached to an execution except in certain cases of fraud, it resulted that, when a debtor could not be found and notice could not be served upon him, no certificate for arrest could be obtained, and no effective return of non est inventus could be made upon the execution, and consequently scire facias could not be brought against the bail.   To provide for such a case the St. of 1881, c. 263, § 4, was passed, which is incorporated in the Pub. Sts. c. 163, § 7, to the effect that upon an avoidance of a debtor, and a return on the notice that after diligent search by the officer serving the notice he is not found, his bail shall become liable.

The reason why sixty days must elapse before suit can be brought on account of an avoidance upon an execution with a certificate of arrest attached is, that until then the execution

cannot be returned, and the avoidance is not complete. No such reason applies to an avoidance upon proceedings to obtain a certificate for arrest. The notice in such a case is returnable on the day fixed in it for the debtor's appearance. If a return of *non est inventus* is then made upon it, the avoidance is complete, the language of the statute is satisfied, and a suit may be immediately brought upon the bail bond.

The officer's return admitted in evidence was competent and sufficient. That part of it which referred to a " tenant, agent, or attorney " of the debtor was immaterial, and did not affect its validity.                                                *Exceptions overruled.*