H. THEODORE FLETCHER *vs.* GEORGE L. WRIGHTON.

Suffolk.   November 17, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Attachment.   Execution.   Officer.*

The provision of R. L. c. 167, § 70, that an attachment of mortgaged personal prop-
erty shall be dissolved if the amount secured by the mortgage is not paid within
ten days after demand, applies only to a valid mortgage, and in an action against
the attaching officer for an alleged conversion of the mortgaged goods where no
such payment was made, the officer can show that the mortgage was voidable
by attachment.

If, in an action against an officer for an alleged conversion of goods sold by the de-
fendant on execution, the defendant cannot prove a lawful attachment in justifi-
cation of his acts without a return of the execution into court, such a return may
be made at any time before the execution is received in evidence.

TORT by a mortgagee of personal property against a constable
for the alleged conversion of the mortgaged property attached
and sold on execution by the defendant. Writ dated September
22, 1900.

At the trial in the Superior Court before *Bond*, J., the jury
returned a verdict for the defendant; and the plaintiff alleged
exceptions.

*H. T. Richardson*, for the plaintiff.

*S. H. Tyng*, (*A. T. Johnson* with him,) for the defendant.

KNOWLTON, C. J.   This is an action of tort for the alleged
conversion of certain goods of which the plaintiff was a mortga-
gee.   The defendant justifies his interference with the property
by saying that he attached it as a constable under a writ against
the mortgagor, and subsequently sold it upon the execution
issued in the case.   The contentions relied on by the plaintiff
are two : first, that inasmuch as the writ was not a trustee pro-
cess and the attachment was made under the R. L. c. 167, § 69,
and the amount demanded by the plaintiff as due him under the
mortgage was not paid within ten days, it is not open to the de-
fendant to contest the validity of the mortgage ; second, that in-
asmuch as the defendant did not return the execution into court
within sixty days, nor until after he first offered it in evidence

at the trial before an auditor, his subsequent return of it does not answer the requirements of the law and he became a trespasser *ab initio.*

It is true that an attaching creditor or officer who does not pay the amount due to a mortgagee of attached personal property, in accordance with the R. L. c. 167, § 69, loses his rights under the attachment. It is also true that an attachment may be made by trustee process under the R. L. c. 167, § 74, and that a method is provided for contesting the validity of the mortgage in the suit without a preliminary payment by the creditor or officer, and that this is sometimes a convenient mode of determining the rights of the parties. *Jackson* v. *Colcord,* 114 Mass. 60. *McDonald* v. *Faulkner,* 154 Mass. 34.

But the provision of § 70 of this chapter, that if the amount due is not paid or tendered within ten days after the mortgagee's demand the attachment shall be dissolved, relates to a title under a valid mortgage, and we have been referred to no case in which it is held that this result will follow if the mortgage is void, or is voidable by attaching creditors. To give such an effect to a fictitious or invalid mortgage would be likely to work so great injustice that nothing less than plain provisions to that effect would warrant us in sustaining the plaintiff's contentions. So far as we are aware, this section has always been construed by courts at *nisi prius* as it was construed at the trial of this case. In *Codman* v. *Freeman,* 3 Cush. 306, 311, Chief Justice Shaw, in speaking of a demand of this kind, said, "If the officer, after such notice, persisted in holding the goods, he did it at the peril, either of proving the mortgage invalid and void, or, as against the mortgagees, the plaintiffs, of being chargeable as a trespasser." We are of opinion that the defendant properly might contest the validity of the mortgage.

It is well settled that a title to real estate, acquired under a judgment and execution, cannot be established unless the execution is returned into court, but as the statute does not fix the time within which this must be done, the return will be effectual if it is made at any time before the execution is put in evidence in the case in which it is relied upon. *Prescott* v. *Pettee,* 3 Pick. 331. *Walsh* v. *Anderson,* 135 Mass. 65. *Firth* v. *Haskell,* 148 Mass. 501. It is equally true that an officer cannot justify an

attachment of goods on mesne process unless he returns his writ into court. *Russ* v. *Butterfield*, 6 Cush. 242. *Williams* v. *Babbitt*, 14 Gray, 141. *Paine* v. *Farr*, 118 Mass. 74. *Wiggin* v. *Atkins*, 136 Mass. 292. We do not find that this court has ever decided the question whether an officer can justify a levy on an execution upon goods without a return of the execution. In *Tubbs* v. *Tukey*, 3 Cush. 438, 442, Mr. Justice Metcalf said, "It is well settled, that when an officer is sued as a trespasser, for levying a *fieri facias*, he need not show a return thereof, in order to justify the levy," and he cited English cases and 2 Greenl. Ev. § 597. The same doctrine is stated quite at length in *Clark* v. *Foxcroft*, 6 Greenl. 296, 299, in reference to executions similar to those used in this State. The opinion in *Pratt* v. *Pond*, 45 Conn. 386, states the law in the same way, and *Ingersoll* v. *Sawyer*, 2 Pick. 276, 279 contains dicta of Chief Justice Parker of like effect. On the other hand, it was held in *Munroe* v. *Merrill*, 6 Gray, 236, that an officer who arrests a debtor on execution and afterwards discharges him and returns the execution unsatisfied without stating the arrest in his return, cannot justify under the execution if sued by the debtor for the arrest. Although this case does not cover the question now raised, it contains reasoning, as do some of the other cases, which tends somewhat to support this part of the plaintiff's contention.

We do not find it necessary to decide the question, for if we should assume that the defendant could not justify without returning his execution, we are of opinion that for this purpose he could return it any time before it was received in evidence. There is no good reason why this part of the rule which applies to the return of executions levied upon real estate should not also apply to executions levied upon goods and chattels. The defendant in this case returned the execution a long time after the levy, but before the paper was put in evidence. This objection cannot avail the plaintiff.

*Exceptions overruled.*