CITY OF CAMBRIDGE *vs.* JOHN FOSTER & another.

Suffolk. March 5, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Bond. Constable. Officer. Practice, Civil,* Verdict. *Evidence,* Docket entries, Extended record.

Under Pub. Sts. c. 27, §§ 113, 115, now R. L. c. 25, §§ 88, 90, requiring a constable to give a bond "for the faithful performance of his duties in the service of all civil processes committed to him" and providing that "any person injured by the breach of the condition of such bond may at his own expense institute a suit thereon in the name of the town" or city to which the bond was given, a bond given by a constable which contains this condition is a good statutory bond although it contains also other conditions not required by the statute; but the remedy given by the statute to a person injured by a breach of the condition of such a bond is confined to a breach of the condition required by the statute.

If in the service of civil process and for the purpose of making such service a constable commits an unlawful assault, *semble* that this is a breach of the condition of his statutory bond and that he may be sued on his bond by the person as-

saulted; but to make him liable the act must have been done under color of
· his office.

In an action on a constable's bond where the evidence relied on to show a breach
of the bond is the extended record of a judgment in a previous action brought
by the plaintiff in interest against the same defendant, if it appears by the ex-
tended record that in this previous action the declaration contained three counts,
the first for an assault, the second for assault and false imprisonment and the
third for malicious prosecution, and that a general verdict was returned for the
plaintiff in a sum named, and there is nothing in the record as extended to in-
dicate upon which count or counts the jury returned their verdict, this shows no
breach of the defendant's bond, as, however it might be if the verdict had been
returned on the first or the second count, if the verdict was returned on the
count for malicious prosecution, the acts of the defendant alleged and proved
could not have been performed under color of the defendant's office in the
service of civil process.

Although docket entries may be regarded as the record of a case until the record
has been extended, and also may be admissible to show that a record as ex-
tended should be amended in the case itself, yet when the record as extended is
offered in evidence in another case, the docket entries are not admissible to show
a fact which does not appear by it.

CONTRACT by the city of Cambridge on a constable's bond
executed by John Foster as principal and the United States Fi-
delity and Guaranty Company as surety. Writ dated December
16, 1903.

In the Superior Court the case was tried before *Fessenden,* J.
At the close of the plaintiff's evidence the defendants rested.
The judge ordered a verdict for the defendants, and reported the
case for determination by this court. His report was as follows:

On June 19, 1900, Foster was a duly authorized constable of
the city of Cambridge, and had given to the city the bond in
suit. On this evening at about eleven o'clock he had en-
tered Randolph Hall, a student dormitory in Cambridge, for the
purpose of serving a civil writ on a student living in the build-
ing. While in the building a quarrel arose between Foster and
the plaintiff in interest, Harry L. Clayton, the janitor of the
building, as a result of which Foster arrested Clayton, hand-
cuffed him and took him forcibly from Randolph Hall to Police
Station No. 1 in Brattle Square, a distance of several hundred
yards. Foster arrested Clayton, to use his (Foster's) own
words, for "interfering with his business." On reaching Sta-
tion 1 he told the sergeant in charge that he was constable Foster
— at the same time showing his badge — and asked him to lock
Clayton up. This the sergeant refused to do, but told Foster

that he could have the use of the cell if he wanted to lock Clayton up on his own authority. That not proving acceptable and it appearing that Foster was personally acquainted with Clayton, at the suggestion of the sergeant, and Clayton agreeing thereto, Foster let Clayton go, intending to appear in court later and procure a summons against him.

On June 20, 1900, Foster swore out a warrant against Clayton for assault and battery in the Third District Court of Eastern Middlesex, the ultimate disposition of which was a finding that Clayton was not guilty. Thereafter, in the Superior Court for the county of Middlesex, Clayton brought against Foster an action of tort in three counts, a history of which was put in evidence by the plaintiff in the form of a record of judgment of the Superior Court for Middlesex, a copy being annexed to the report. This record is described in the opinion, where the pleadings in that case and in the present case also are described. Under objection and exception of the defendants further evidence in regard to the action of tort was admitted in the form of a certified copy of the docket entries made by the clerk of courts for the county of Middlesex, the material part of which read as follows:

" 1902 October 21, Verdict for plaintiff for $125. Upon inquiring of the jury for what amount they find damages for plaintiff on the 1st Count the jury answer $5. 2nd Count $20. 3rd Count $100."

The plaintiff further put in evidence the execution issued in the case in the Superior Court for the county of Middlesex with the sheriff's return thereon showing that it was in " no part satisfied " after a proper demand on Foster on December 19, 1902.

Upon the above facts the judge was of the opinion that the plaintiff's third count, based upon the malicious prosecution, could not lie upon this bond, but that the first count for assault might lie and possibly the second for false imprisonment also ; but, being of the opinion that the previous verdict could not be considered to be apportioned, he directed a verdict for the defendants and reported the case. If his ruling was wrong, and on the whole case the plaintiff was entitled in this action to recover any damages on any of the counts, the case was to stand

for the assessment of damages on whatever counts this court should consider a recovery to lie; in which event, to save further trial, the counsel agreed on the amount of the damages.

The bond was for the penal sum of $3,000 and was dated December 27, 1899. The condition was as follows:

" The condition of this obligation is such, That the aforesaid John Foster having been appointed by the mayor and aldermen of the city of Cambridge, one of the constables within the said city, for one year from the first Monday in January, 1900, and until another be appointed in his place, now if the said John Foster shall carefully intend the preservation of the peace, the discovery and preventing all attempts against the same; and shall duly execute all warrants which shall be sent unto him from lawful authority, and faithfully attend to all such directions in the laws and orders of court, as are or shall be committed to his care : if he shall duly comply with the orders and directions of the mayor and aldermen, which shall be passed from time to time for the regulation of the constables ; and shall faithfully and with what speed he can, collect and levy all such fines, distresses, rates, assessments, and sums of money for which he shall have sufficient warrants according to law; rendering an account thereof, and paying the same according to the direction in his warrant; and also, if he shall faithfully perform all the duties of a constable in the service of all civil processes which may be committed to him, then this obligation shall be void, otherwise it shall remain in full force and virtue. "

*W. B. Luther*, for the plaintiff.

*J. T. Pugh*, (*J. L. Sheehan* with him,) for the United States Fidelity and Guaranty Company.

HAMMOND, J.    Although there are many conditions in the bond, the only one for the breach of which the beneficiary plaintiff, Clayton, has the right under the statute to put the bond in suit is that Foster, the principal obligor, should " faithfully perform all the duties of a constable in the service of all civil processes committed to him." Pub. Sts. c. 27, §§ 113, 115, now R. L. c. 25, §§ 88, 90. This condition is in substantial compliance with the statute, and the bond in this respect is a valid statutory bond notwithstanding it contains other conditions.    It is urged by Clayton that while these other conditions

are not required by the statute, still, inasmuch as they are there, the bond is good as a common law bond as to them all, and that therefore he can recover for a breach of any condition if he has been injuriously affected by such breach. And he further alleges that the assault upon him was a breach of the condition of the bond that the said Foster "shall carefully intend the preservation of the peace, the discovery and preventing all attempts against the same; and shall duly execute all warrants."

In support of this contention he relies upon cases like *McIntire* v. *Linehan*, 178 Mass. 263, and *Farr* v. *Rouillard*, 172 Mass. 303, in each of which cases it was held that although the bond did not in all respects conform to the statute, yet it might be regarded as good at common law so far as to serve the same purpose which it would have served if there had been full compliance with the statute. Or, in other words, the bond was held to be sufficient to secure the statutory right which it was intended to secure. But such a bond cannot enlarge a statutory right. That always remains the same. In the present case, as before stated, the right of Clayton to put the bond in suit is confined to a case of the breach of the condition with regard to the service of civil process, and since he is not the obligee that right does not extend to any other condition in the bond. If he shows such a breach to his injury he may recover; otherwise he cannot.

It is settled that, when a constable attaches the property of A. on a writ against B. alone, there is a breach of this condition; and A. after due proceedings may recover on the bond. *Greenfield* v. *Wilson*, 13 Gray, 384, and cases there cited. *Tracy* v. *Goodwin*, 5 Allen, 409. *People* v. *Schuyler*, 4 Comst. 173. This is upon the ground that the act constituting the breach is misconduct in office. There can be no doubt that in the case of the arrest of A. upon a civil process commanding the arrest of B. only, the same principle would apply; and if in the service of civil process and for the purpose of making service the constable commits an unlawful assault, we see no reason why this assault may not be regarded as a breach of this condition nor why the assaulted party may not have the statutory remedy on the bond.

But whatever the act may be, it must have been done, if not by virtue of the office, at least under color of the office, and *ex necessitate* before the service is completed. *Lowell* v. *Parker*, 10 Met. 309. *Turner* v. *Sisson*, 137 Mass. 191. *Boston* v. *Moore*, 3 Allen, 126. It follows that if during the service of the process the constable commit an assault not *colore officii*, or if after the service of the writ he commit an assault in punishment of an act of opposition theretofore made to the service of the writ, such an assault is not misconduct in office and the victim of the assault can have no recourse to the bond. In the light of these principles we proceed to the examination of the record before us.

The declaration contains three counts, the first founded on an assault, the second on assault and false imprisonment, and the third on malicious prosecution. Each of these acts is alleged to have been done by Foster by virtue of his office as constable. Each count contains an averment that Clayton had recovered judgment against Foster for damages for the act set out therein; that execution issued and demand had been made upon Foster, and that no part of the judgment had been paid. The answer was in substance a general denial.

Upon these pleadings the case went to trial before a jury. The record of the previous suit between Clayton and Foster was introduced. The declaration in that case contained three counts corresponding respectively to the counts in the case before us, but there was no allegation in the record that either of the acts complained of was done *colore officii*. The judgment therefore was no evidence that either act was so done. *Lowell* v. *Parker*, 10 Met. 309, 315. The record as extended showed a general verdict for the plaintiff for $125, and a general judgment for $125.82 damages and the costs of suit. Inasmuch as there were three separate and distinct causes of action respectively set forth in three separate counts, any one of which would sustain the verdict, there is nothing in the record as extended to show upon which count or counts the jury found for the plaintiff or upon which judgment was rendered. The verdict may have been found and the judgment may have been rendered upon all or less than all.

It follows therefore that if one of the causes of action set

forth in the declaration is not such as would constitute a breach of the bond, it does not appear that the judgment was rendered upon an act which constituted a breach of the bond. It may have been rendered upon the count describing an act which was not a breach. Upon inspection of the docket entries, however, it appears that upon inquiry made by the court after the general verdict of $125 was announced, the jury stated that they found for the plaintiff on the first count for $5, on the second count for $20, and on the third for $100; and it is urged by Clayton that, inasmuch as these answers of the jury are not inconsistent with the general verdict recorded and with the judgment, they are competent to fill out and explain both the verdict and the judgment. But that position seems untenable. While the docket entries may be regarded as the record of the case until the record is extended, and while they may be useful upon any inquiry as to whether the court should amend the record as extended, still after the record has been extended they cannot be regarded as a part of it when it is offered in evidence in another case. *Noyes* v. *Newmarch*, 1 Allen, 51. *Fall River* v. *Riley*, 140 Mass. 488. For aught that appears upon the record as finally extended the verdict may have been based entirely upon the count for malicious prosecution, and so of the judgment.

Whatever may be said of the first and second counts, it is plain upon the most liberal interpretation that the malicious prosecution upon which the third count was based could not have been a breach of the bond. It was incumbent upon Clayton, the beneficiary plaintiff, to show not only that the. condition of the bond had been broken, but that he had recovered judgment against Foster for damages suffered thereby, and had made a demand for the payment. R. L. c. 25, § 90; c. 149, § 20. *Tracy* v. *Merrill*, 103 Mass. 280. *Fall River* v. *Riley*, 138 Mass. 336.

The ruling that the verdict in the previous case could not be considered as apportioned was correct. Upon this ruling it followed that the evidence failed to show that Clayton had recovered judgment against Foster either for the assault or false imprisonment, and verdict for the defendants was rightly ordered.

*Judgment on the verdict.*