TREASURER OF THE CITY OF BOSTON *vs.* DAVID SCHAPERO & another.

Suffolk.    December 12, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Constable. Bond. Judgment. Surety.*

In an action by the treasurer of the city of Boston under R. L. c. 26, § 14, upon the bond of a constable, to recover the amount of a judgment against the constable for the conversion of property of the plaintiff by a wrongful attachment, if it appears that execution issued on the judgment and was not satisfied and the return of the officer on the execution shows that payment of the amount of the judgment was demanded and refused, the plaintiff is entitled to recover, and it is immaterial that at the date of the writ the sixty days provided by R. L. c. 177, § 23, for the return of the execution into court had not expired.

A judgment recovered against a constable for a conversion of personal property by a wrongful attachment is conclusive against a surety on his joint and several official bond as well as against the constable as principal.

CONTRACT by the treasurer of the city of Boston, for the benefit of one Abraham Leavitt, a judgment creditor, upon a joint and several bond given with a surety by the defendant Schapero as a constable of the city of Boston. Writ dated August 7, 1912.

The defendants demurred to the writ and declaration, and also filed a plea in abatement.

The causes assigned for demurrer were as follows:

"1. Because the plaintiff does not set forth any right or cause of action substantially in accordance with the practice act.

"2. Because said alleged cause of action does not entitle the plaintiff to recover.

"3. Because it appears that the judgment complained about was rendered on July 1, 1912, and that execution thereon duly issued on July 3, 1912, and that the execution was returned 'wholly unsatisfied' and that the plaintiff's writ in this action is dated August 7, 1912, and the plaintiff's right of action, if any he had, does not begin till after the time has elapsed when said execution should be returned to court, and that said execution could not be returned to court 'wholly unsatisfied' till after the expiration of or at the end of sixty days from the date of the issuing of said execution.

"4. Because said action is premature.

"5. Because the execution issued on the judgment complained about could not be returned 'wholly unsatisfied' and was not returnable into court till the expiration of sixty days from July 3, 1912, and the plaintiff's writ in this action was dated Aug. 7, 1912, and said sixty days had not elapsed.

"6. Because no action could be brought as against these defendants till after the expiration of the time allowed by law for the return of the execution, to wit, — sixty days after July 3, 1912."

The reasons for abatement set forth in the plea were as follows:

"1. Because the plaintiff does not show any right of action as against these defendants.

"2. Because said writ is premature.

"3. Because said alleged bond is not set forth."

In the Superior Court the case was heard by *Fox*, J., without a jury. He overruled the demurrer and the plea in abatement, and the defendants appealed. There was evidence of the following facts:

The plaintiff's beneficiary, Leavitt, recovered judgment for $176.14 damages and $62.23 costs on July 1, 1912, against the defendant Schapero on a declaration for conversion, the answer to which set up justification by virtue of a writ of the Municipal

Court of the City of Boston issued in favor of the Broadway Extension Poultry Company against one Nemzoff. The judgment so obtained had not been satisfied in whole or in part. Execution issued on the judgment on July 2, 1912. On August 7, 1912, the present action was begun, the writ being returnable on the first Monday of September, on which day, September 2, the writ and declaration were entered and the execution in the former action was filed in the clerk's office. The officer's return, indorsed thereon, was dated July 19, 1912, and was as follows: "By virtue of this execution I have this day demanded payment of this execution or any part thereof so I might satisfy the same. I also demanded of the within named defendant goods, chattels, lands belonging to him so I might levy upon to satisfy this execution or any part thereof, but said defendant refused to comply with my request."

Due demand for the payment of the judgment was made upon the defendant surety before the bringing of this action.

At the trial, the defendant surety sought to introduce evidence in justification of the taking by the constable, and formally offered to prove "that the constable was justified in removing the goods under attachment on the writ of Broadway Extension Poultry Company, against Nemzoff, as the alleged mortgage thereon was a fictitious mortgage given by the owner Nemzoff to the plaintiff Leavitt, without consideration, and for the purpose of defrauding creditors of the then defendant owner and covering the aforesaid property from the reach of the said creditors and that said mortgage was void and of no effect and the attachment and removal thereunder, legal and justified." This evidence was excluded by the judge, who ruled as matter of law that the judgment against the constable was conclusive on the surety.

The defendant surety asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence the finding must be for the defendant.

"3. The surety is entitled to show that the taking by the constable was justifiable.

"4. If the mortgage of Nemzoff to Leavitt was void and fraudulent, the constable was justified in taking the property under attachment and the defendant is not liable on the bond.

"5. The question of the validity of the mortgage from Nemzoff to Leavitt is not *res adjudicata* in this suit.

"6. The plaintiff must show that the conversion was under color of his office.

"7. The execution in Leavitt v. Schapero was not formally or properly returned to Court."

To the fourth request the judge replied: "Record of judgment against constable conclusive against sureties."

To the sixth request the judge replied: "The fact is admitted."

To the seventh request the judge replied: "The fact is admitted but is immaterial."

The judge refused to make any of the other rulings requested. He found for the plaintiff in the penal sum of the bond, and ordered that execution should issue for the sum of $253.96. At the request of the defendant surety he reported the case for determination by this court, including the questions presented by the appeals from the orders overruling the demurrer and the plea in abatement.

*H. Caverly*, for the defendant surety.

*L. R. Eyges*, for the plaintiff.

BRALEY, J. The plaintiff, having recovered judgment against the defendant Schapero for the conversion of certain personal property wrongfully attached by him as a constable in the service of civil process, brings this action under the provision of the R. L. c. 25, § 90, and c. 26, § 14, for breach of his official bond. *Crocker v. Buttrick*, 187 Mass. 461. It is admitted, that the judgment remains wholly unsatisfied. But as execution issued and the plaintiff has sued before the time for its return expired, the defendants, relying on *Adams* v. *Cummiskey*, 4 Cush. 420, contend that the action has been prematurely brought.

It was said in *Dailey* v. *Coleman*, 122 Mass. 64, "The only conclusion that can be said to have been established by that decision is that an unseasonable and insufficient return will not justify the issue of a *scire facias* while the execution is in force and not yet returnable." The creditor might find property of the principal debtor sufficient to satisfy the execution, and in that event the trustee would not be liable in *scire facias*, which is merely a continuation of the proceedings by trustee process in the court where they originated. *Fay* v. *Sears*, 111 Mass. 154, 155. But as against

bail, *scire facias* will lie without waiting for the return day of the execution, where there is a return on the notice issued for an arrest under R. L. c. 168, § 19, that the judgment debtor cannot be found. *Wehrle* v. *Gurney*, 146 Mass. 331. The condition of the bond was broken, when judgment was obtained against the constable for official misconduct; *Fall River* v. *Riley*, 138 Mass. 336; although suit could not be begun until demand was made upon him to pay the amount of the judgment, unless sufficient reason for a failure to do so was shown. *Tracy* v. *Merrill*, 103 Mass. 280. *Fall River* v. *Riley*, 138 Mass. 336. The officer's return, however, shows, that payment was duly demanded and refused, and it is pointed out in *Chesebro* v. *Barme*, 163 Mass. 79, that under the Pub. Sts. c. 171, § 22, now R. L. c. 177, § 23, requiring writs of execution to be returned within sixty days from their date, that the officer's return of service upon the execution, and the return of the execution into court, are distinct. The indorsement upon the execution regularly made of the officer's doings was sufficient to permit its introduction in evidence. *Fletcher* v. *Wrighton*, 184 Mass. 547, 549. The plaintiff's cause of action on the bond having accrued, under the decision in *Tracy* v. *Merrill*, 103 Mass. 280, by reason of the default, it is immaterial that the execution had twenty-four days more to run before the return day of the plaintiff's writ, during which time a levy might have been made upon property of the judgment debtor if any could have been found.

But, if this defense fails, it is further urged by the defendant surety company, that it is not concluded by the judgment against the principal, and should be permitted to show that the attachment was justifiable, because the mortgage to the plaintiff was fraudulent and void as to creditors of the mortgagor. The bond, however, is joint as well as several, and, whatever conflict there may be in other jurisdictions as to whether the judgment recovered against the principal is conclusive upon the sureties, it is settled by our decisions that they are bound by the adjudication in an action upon his official bond. *Tracy* v. *Goodwin*, 5 Allen, 409. *Dennie* v. *Smith*, 129 Mass. 143. *Fall River* v. *Riley*, 138 Mass. 336. See 35 Cyc. 1944, 1945, and notes for a collection of cases. The same rule has been adopted and followed as to sureties on bonds given to dissolve an attachment, or a mechanic's lien,

or in summary proceedings for the possession of land where the case is removed to the appellate court, or to the judge of probate by a trustee. *Cutter* v. *Evans*, 115 Mass. 27. *Tapley* v. *Goodsell*, 122 Mass. 176. *Ruggles* v. *Bernstein*, 188 Mass. 232. *Curtiss* v. *Curtiss*, 182 Mass. 104, 106. *Glover, appellant*, 167 Mass. 280, 283. *Harmon* v. *Weston*, 215 Mass. 242. It is recognized in *Briggs* v. *McDonald*, 166 Mass. 37, which was an action upon a bond of indemnity to protect an officer against loss arising from the attachment of certain personal property, even if by the acts of the obligee an equity had been created in favor of the surety which the court did not feel at liberty to disregard.

The plea in abatement and demurrer are overruled, and by the terms of the report the plaintiff is to have judgment for the penal sum of the bond, and execution is to issue for the amount stated. R. L. c. 177, §§ 9, 10.

*So ordered.*