Rowe, J.
This is an action of tort for conversion brought by a mortgagee of personal property against an officer who attached the goods as being unencumbered and in the possession of the mortgagor and summoned in the mortgagee as trustee. The trial judge found for the plaintiff. The defendant claims to be aggrieved, among other reasons, be *271 cause the trial judge denied his requests for ruling to the effect that as a matter of law the defendant was entitled to a finding. He also claims to be aggrieved by the granting of the following plaintiff’s requests for ruling: “2. No evidence is admissible on the validity of the plaintiff’s mortgage or his interest in said mortgage in connection with this action. ’ ’
The defendant offered evidence that the mortgage was “a fake” “was not valid but was part of a fraudulent conspiracy” between the mortgagor and mortgagee and was executed to defraud the creditors of the mortgagor and to protect him in his possession of the property as against his creditors and was without consideration. The trial judge stated that “the mortgage speaks for itself” when he excluded the offered evidence.
The evidence in the case tended to show that one Bass mortgaged the goods to Kovner (the present plaintiff) for $1500. This mortgage was duly recorded and the goods remained in the possession of the mortgagor. One Feingold a creditor of the mortgagor brought suit against the mortgagor Bass, by trustee process, naming the mortgagee Kovner (the present plaintiff) as trustee. One Ryan, a constable, served the trustee writs called for, by summoning the trustee and attaching the goods in the hands of the mortgagor. Ryan demanded an indemnity bond, but receiving none, he released the attachment on September 23, 1939 and left the goods as he found them.
Feingold, the plaintiff in his then pending action against the mortgagor applied for a special precept to attach the property, which was issued on September 27, 1939. McDonald, the present defendant, a constable, by virtue of • this special precept, attached the property in the possession *272 of the defendant, Bass, as though unencumbered. Thereafter, to wit on January 23, 1940 the trustee in that case (Kovner the present plaintiff) “was discharged”, and ¿judgment was entered for the plaintiff and execution issued thereon. Kovner (the trustee in that original suit) now brings the present action against the attaching officer.
There was no error in denying the defendant’s requests for a directed finding in his favor since the requests did not contain the required specifications provided for by the rules. Buie 27 of the Buies of the District Courts.
There was, however, prejudicial error in the granting of the plaintiff’s second request that the validity of the mortgage could not be attacked, although that question is not to be approached from the angle claimed by the defendant. The defendant contends that the original action of Feingold v. Bass was at first governed by G. L. (Ter. Ed) c. 223 s. 79 (summoning in the mortgagee as trustee), but that by virtue of the services of the special precept, the case was thereafter governed not by said section 79 but by section 74 of c. 223 (paying the mortgagee within 10 days after demand.)
We do not sustain this contention of the defendant. As was said in Porter v. Warren, 119 Mass. 535, 538 “in this case the creditor elected to pursue the remedy by attaching the property and summoning the mortgagee as trustee. He cannot afterwards, by discharging the trustee convert it into another remedy to which different incidents and consequences attach.” Shapiro v. Park Trust Co., 253 Mass. 383, 387.
But even if the original case did continue to be effective under said section 79 instead of later being governed by section 74, there was prejudicial error in granting the plaintiff’s request that the validity of the mortgage could *273 not be attacked. In Fletcher v. Wrighton, 184 Mass. 547, 548 which involved an attachment under what is now said section 74, it was held that that section was intended to apply to a valid mortgage only, and not to one which was void as against creditors. There is no reason why a like result should not be reached in the case at bar, where the original action was governed by section 79.
As there was prejudicial error in the granting of the plaintiff’s second request for ruling, the finding for the plaintiff should be vacated and a new trial granted. So ordered.