Parker, C. J.,
delivered the opinion of the Court.
The plaintiff, admitting by his demurrer the facts set forth in the plea in bar, denies the operation of the statute of insolvency in relation to suits against the representatives of sheriffs; and has *460 argued that the legislature did not contemplate the insolvency of a sheriff, or provide for such an event; there being always security taken to the public, for the use of all the citizens who may be injured by the neglect or breach of duty of such officer.
It might be reasonable for the legislature to adopt the principle suggested by the counsel for the plaintiff, and to frame laws to carry it into execution; but the statute, on which alone the plaintiff’s action can be maintained, giving a remedy which did not exist at common law, places that remedy upon the same footing with suits against the representatives of private persons, whose contracts by law survive against executors and administrators. By the common law, a right of action against a sheriff, for his own official wrong, or that of his deputies, would not survive. The statute of 1805 causes it to survive; but it gives no other effect to the action against his executors, than it would have if it were an action upon Contract.
It is said, however, that the action is brought merely for the purpose of ascertaining by judgment the sum due, in order [ * 570 ] that the plaintiff may be entitled to an action in *the name of the treasurer, upon the sheriff’s bond ; and that such being the object of the suit, the insolvency of the sheriff can be no legal bar to the action.
But if the plaintiff can proceed to judgment, notwithstanding the plea of insolvency, he will be entitled to his execution; and having that, may levy it upon the estate of the deceased sheriff, instead of suing the official bond; and in such case injury will be done to the other creditors of the estate, which was certainly not intended by the legislature.
The first section of the statute before referred to gives to the injured person a right of action upon the bond ; but requires that, before the suit shall be instituted, judgment shall be recovered against the sheriff, his executors or administrators ; or that there shall be a decree of the judge of probate, allowing the claim for such injury. This last provision is evidently predicated upon the supposition that a sheriff may die insolvent; for in no other event can there be a decree of a judge of probate, allowing any .claim against his estate; and it follows that the general statute of insolvency must apply to demands against sheriffs, for misfeasances in their official capacity, and for the misfeasances of their deputies; as well as to any private debts of those officers. And if this statute does apply, then, after a representation of insolvency, no action can be brought against the executor or administrator; but the demand should be laid before the commissioners, and the debt ascertained by them, unless referred to a court of law, in the manner provided by that statute.
*461 It may be said that it will be hard for the plaintiff to lose his remedy upon the bond by reason of his omitting to file his claim with the commissioners ; when it may be that the estate to be distributed would be so small as to make this remedy not worth pursuing. But this course is necessary to give a right to further proceedings upon the bond. The statute requires that the creditor should get all he can from the estate of the sheriff before he resorts to the sureties, if the estate be insolvent. Justice requires this *too; for the sureties can file no claim until they [ * 571 ] have been obliged to pay; and if the creditor may omit to get a dividend, and call upon the sureties for the whole, the commission may be closed, and they have no opportunity to get an indemnity.
To the objection that this construction straitens the time, within which an action may be brought against the executors of the sheriff, the answer is, that if such is the legal operation of the statute, it is not to be complained of. The same effect is produced by the operation of the statute of insolvency in actions upon contracts; and there can be no doubt of the right of the legislature, by general laws, to prescribe the term within which demands upon the estates of deceased- persons shall be limited; although by other general laws a different period is assigned for the right to commence actions, when the debtor is alive, or his estate solvent.

Defendanfs plea good