. FREDERICK U. TRACY *vs.* SARAH A. WARREN, administratrix.

A judgment against a constable for nominal damages and for costs, in an action of replevin of goods attached by him, is a judgment for a misfeasance, within the meaning of the St. of 1814, *c.* 165, § 1, providing for suits on the bonds of constables of Boston.

CONTRACT in the name of the treasurer of Boston, by Henry P. Boynton, on the bond of Silas Warren as a constable of Boston for a year from September 26, 1864, upon which the defendant's intestate, Dewey K. Warren, was a surety. Writ dated October 26, 1868. The pleadings and an agreed statement, on which the case was submitted to this court on appeal from the superior court, showed these facts:

On June 6, 1865, Silas Warren, as a constable, attached on a writ against Susan M. Badger goods which Boynton replevied from his custody on July 10, 1865. In the replevin suit, entered in the superior court for Suffolk at October term 1865, Boynton recovered judgment on October 18, 1868, for $1 damages and $112.86 costs, and took out execution, which was returned before the beginning of this action, wholly unsatisfied, after demand made upon Silas Warren thereon.

*J. S. Abbott*, for the plaintiff.

*C. R. Train*, for the defendant.

COLT, J.   The only objection made to the maintenance or this action on the bond is, that no judgment, within the meaning of the St. of 1814, *c.* 165, § 1, has been recovered against Warren, the principal obligor, for malfeasance or misfeasance in his office, as constable of the city of Boston.

The statute cited is still in force, and authorizes persons injured by any breach of a constable's bond, given to the treasurer of the city, to maintain an action therefor upon the bond in the name of the treasurer, provided a judgment for malfeasance or misfeasance, or for nonpayment of money collected, shall have first been recovered by such person against the constable.   *Calder* v. *Haynes*, 7 Allen, 387.

The judgment in this case was recovered in an action of replevin against the constable, Warren, and was for nominal damages and costs, in favor of the person for whose use this action is brought.   This was sufficient, under the statute, to lay the foundation for an action upon the bond.   It is a judgment for a misfeasance.

Replevin lies, for him who has the general or special property in goods, against him who has wrongfully taken them.   The remedy in this form, even if it did not originally extend to the recovery of chattels in the custody of the law, is now given by statute to all persons whose goods are attached on mesne process or taken on execution, except the defendant in the suit. Gen. Sts. *c.* 143, § 10.

To hold that it is the intention of the statute of 1814 to exclude replevin in the proviso would be to deprive the party injured, without reason, of his election, either to recover the specific articles taken, or to sue for damages in trespass or trover. 1 Chit. Pl. (11th Am. ed.) 146.   *Tracy* v. *Goodwin*, 5 Allen, 409.   .   *Judgment for the plaintiff.*