Louis W. Burnham *vs.* George N. Noyes.

Suffolk. March 20, 21. — July 19, 1878. Ames & Morton, JJ., absent.

On the issue whether the conversion of personal property was fraudulent, so that an action therefor would not be barred by a discharge in bankruptcy of the defendant, the burden of proving the fraud is on the plaintiff throughout the case; and an instruction that, if the defendant did any acts in relation to the property which were unlawful, the burden was on him to prove that he acted honestly, is erroneous.

·Tort for the conversion of a check, dated October 30, 1873, signed by George N. Noyes & Co. payable to the order of Dearborn Brothers, and indorsed by them to the plaintiff. Writ dated December 10, 1875.

The declaration alleged in substance that the defendant, knowing the plaintiff to be the owner of the check and fraudulently contriving to defraud and cheat the plaintiff, first stopped payment upon the check and subsequently, upon the pretence that he wished to examine it, obtained possession of the check and refused to give it back to the plaintiff; and that the stopping payment on the check and each and all the subsequent acts of the defendant, including the conversion of the check, constituted a gross fraud upon the plaintiff, such as a discharge in bankruptcy would not affect, and was a breach of trust and an embezzlement of the plaintiff's property. The answer contained a general denial, and set up a discharge in bankruptcy.

At the trial in the Superior Court, before *Dewey*, J., the plaintiff introduced evidence tending to prove that the defendant, being indebted to the firm of Dearborn Brothers, gave the check to J. H. Dearborn, one of the firm, on October 28, 1873, on account of such debt; that the check was, on the same day, for a valuable consideration, indorsed and delivered to the plaintiff by Dearborn Brothers; and tnat on the day it was payable it was presented to the bank for payment by the plaintiff and payment was refused, the defendant having notified the bank not to pay the same; that the plaintiff then sent his clerk to the defendant's place of business with the check to present it for payment; that the clerk, having the check with him, asked the defendant why payment of the check had been stopped, and

the defendant said he wanted to see the check, and, the check being handed to him, took it and put it in his drawer and refused to return it, saying he would keep it; that the plaintiff, on the return of his clerk, went to the defendant's store and said to him that he came to ascertain why he had stopped the payment of the check and kept the check from the clerk, and the defendant said he thought he could take care of the check himself, refused to give it up, and has since retained and refused to deliver or pay the check to the plaintiff.

The defendant proved his discharge under the United States bankrupt act from all debts, claims and demands existing prior to March 20, 1874, which were or might have been proved against him in bankruptcy, except such as were exempted by the bankrupt act; and contended that the present action could not be maintained on the plaintiff's evidence.

The plaintiff contended that the debt or liability which he sought to enforce in this action was created by the fraud of the defendant, and, therefore, was not affected by his discharge in bankruptcy.

The judge, among other instructions given, instructed the jury, that if the defendant took the check and retained it, under a claim of right, honestly believing he had a right so to do, he was not liable in this action, though in law he had no right to retain it; but that if the defendant obtained possession of the check by fraud, knowing that he had no right to it, and retained possession of it intending to prevent and thereby preventing the plaintiff having possession of property belonging to him, then this action could be maintained.

The judge, at the plaintiff's request, also instructed the jury that if the defendant did any acts, in relation to suppressing and retaining the check, which were unlawful for him to do, thereafter no presumption existed that he was innocent of wrongful intent in so taking and retaining it; but, in that case, the burden was upon the defendant to prove, and that he must satisfy the jury, that he acted honestly and under a belief that he had a right so to take it and retain it.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. Thacher*, for the defendant.

*P. H. Hutchinson*, for the plaintiff.

SOULE, J.   A discharge in bankruptcy bars all claim against the bankrupt on account of his wrongful conversion or withholding of goods or chattels, where the conduct of the bankrupt is free from fraud.   U. S. Rev. Sts. §§ 5067, 5114, 5119.   But if the debt is created by the fraud of the bankrupt, it is not affected by the discharge.   U. S. Rev. Sts. § 5117.   The declaration alleges that the defendant obtained possession of the check by the fraudulent representation that he wished to examine it, made with a fraudulent purpose to cheat and defraud the plaintiff, and that, having thus obtained the check, he kept it and converted it to his own use, with the same fraudulent purpose, knowing when he took it that it was rightfully the plaintiff's. The check was signed by George N. Noyes & Co. and indorsed by Dearborn Brothers.   If the allegations were proved, the demand would be clearly within the class of debts excepted from the operation of the discharge.   *Morse* v. *Hutchins*, 102 Mass. 439.   The instruction on this branch of the case was correct.

The fraud of the defendant was an essential element in the case which the plaintiff must make out in order to prevail.   It was not enough to prove that the defendant was wrongfully in possession of the check.   If the proof went only thus far, it would establish a demand barred by the discharge in bankruptcy.   The instruction of the learned judge who presided at the trial of the case, " that if the defendant did any acts, in relation to suppressing and retaining the check, which were unlawful for him to do, thereafter no presumption existed that he was innocent of wrongful intent in so taking and retaining it, but, in that case, the burden was upon the defendant to prove, and that he must satisfy the jury, that he acted honestly and under a belief that he had a right so to take it and retain it," leaves out of view the fact that fraud by the defendant is an integral part of the plaintiff's case, as to which the burden of proof is on him, and the principle of law that such burden is on him to the end.   The defence which it was sought to establish was not by way of confession and avoidance, but was by negativing the existence of fraud, one element to be proved by the plaintiff.   If the check was rightfully the plaintiff's, any act which the defendant might do in relation to suppressing or retaining it, which it was un-

lawful for him to do, would be equally unlawful, that is to say, equally in violation of the rights of the plaintiff, whether the defendant had obtained the check openly and honestly, with a belief that he was entitled to it, or by fraud and with intent to cheat the plaintiff. This instruction, therefore, was erroneous, and the verdict cannot stand.                     *Exceptions sustained.*