### JOHN BRENNER *vs.* FRANCIS DUARD.

Suffolk. March 17. — 26, 1879. AMES & LORD, JJ., absent.

In an action for the conversion of personal property, on the issue whether the plaintiff's claim was founded on the fraud of the defendant, so as not to be affected by his discharge in bankruptcy, the judge found that the defendant took the property in question from the plaintiff's store during the absence of the latter, under a claim of right which he honestly entertained; and that there was in fact no fraud on the part of the defendant. *Held*, that the judge rightly refused to rule that, as matter of law, there was a fraudulent taking by the defendant.

TORT for the conversion of certain personal property. Writ dated June 14, 1869, and returnable to the July term 1869 of the Superior Court. The defendant was defaulted, and damages were assessed. Upon a suggestion of the defendant's bankruptcy, the case was continued. On June 24, 1878, the defendant pleaded his discharge in bankruptcy, and the plaintiff filed a replication alleging that his claim was founded on the fraud of the defendant, and was not affected by the discharge. .

At the trial, without a jury, *Putnam,* J., found the following facts, upon the evidence offered as to the original taking : The defendant claimed to be the owner of the property in question, and the title and ownership were in dispute between the parties when this action was first brought. The defendant notified the plaintiff, four days before the taking, that, if a certain claim which he had against the plaintiff was not paid, he should take possession of the property ; and the plaintiff answered that he should not pay it. On June 9, 1869, about four o'clock in the morning, the defendant went with a horse and wagon, and ten other persons to assist him, to the plaintiff's store, in the absence of the plaintiff. They went to a door in a side entrance, which was fastened by a padlock, not locked but only hitched into the staple and shut; they took the padlock out of the staple, opened the door and went in ; they then slipped back the bolt of the front door on the inside, the door being fastened only by a bolt, opened it from the inside, and through this front door and the side door removed the property in question and carried it away. No door was broken, and no other force used to the door or building, except that with a crowbar the defendant loosened some bricks about a range, which was one of the articles taken away by the defendant. No question was made but that the defendant took the property under a claim of right which he honestly entertained.

Upon these facts, the plaintiff asked the judge to rule that the taking by the defendant was a fraudulent taking; and that the defendant's discharge in bankruptcy was not a bar to this action, because the claim of the plaintiff was a debt created by the fraud of the defendant.

The judge declined so to rule ; found that the taking was not a fraudulent taking within the meaning of the bankrupt act,

and that the plaintiff's claim was not one created by fraud; ruled that the discharge was a bar; and found for the defendant. The plaintiff alleged exceptions.

*C. F. Donnelly & J. W. O'Brien*, for the plaintiff.

*N. B. Bryant*, for the defendant.

BY THE COURT. The judge, before whom this case was tried without a jury, appears to have found that there was in fact no fraud on the part of the defendant, and rightly refused to rule that there was a fraudulent taking as matter of law.

*Exceptions overruled.*