## HENRY F. HAYES *vs.* SAMUEL NASH.

Suffolk.    March 10. — June 30, 1880.    ENDICOTT & SOULE, JJ., absent.

An action against an officer for a conversion of the plaintiff's property, by attach-
ing it on a writ against a third person, is barred by a discharge in bankruptcy
obtained subsequently to the attachment, although the effect is to exonerate
the sureties on his official bond from liability for his misfeasance.

TORT against a constable of the city of Boston, for the con-
version of personal property.    Trial in the Superior Court,
before *Putnam*, J., who allowed a bill of exceptions in substance
as follows :

After the commencement of the suit, the defendant filed his
petition in bankruptcy, and subsequently obtained his discharge,
which is filed in the case in bar of further proceedings.    The
plaintiff thereupon filed the following replication, and offered to
prove the facts alleged in it : " And now comes the plaintiff and
replies that this debt or claim is not discharged by bankruptcy ;
that the property alleged in the declaration to be converted by
the defendant, was attached by him on two writs in his capacity
of constable of the city of Boston ; that both writs were duly
returned to court, and one action was disposed of by the entry
of neither party, and in the other a verdict has been obtained
for the defendant ; that the property attached by the defendant
in those suits is the property of the plaintiff in the present suit,
and that the present plaintiff was not a party to either of the
other suits, yet the officer has not released said property, but
holds it as against this plaintiff, who is the rightful owner.
Wherefore, the plaintiff says this case is not affected by the de-
fendant's discharge in bankruptcy, the debt being created by
the fraud or embezzlement of the bankrupt, or by his defalca-
tion as a public officer, or while acting in a fiduciary character."

The defendant thereupon requested the court to rule, upon
this offer of proof, that the facts, if proved, would not constitute
a claim which was exempted from the operation of the discharge.
The judge so ruled, and ordered a verdict for the defendant ; and
the plaintiff alleged exceptions.

*B. F. Briggs*, for the plaintiff.

*C. T. Gallagher*, for the defendant.

MORTON, J. The defendant, as a constable of the city of Boston, attached the goods of the plaintiff upon writs against a third person. This was a conversion of the goods, which made the defendant liable to an action of tort in the nature of trover. He sets up in defence a discharge in bankruptcy subsequently obtained, and the question presented by the bill of exceptions is whether such discharge is a bar to the plaintiff's claim.

There is no doubt that ordinarily a discharge in bankruptcy is a bar to all claims for or on account of any goods or chattels wrongfully taken or converted by the bankrupt. U. S. Rev. Sts. §§ 5067, 5114, 5119. *Burnham* v. *Noyes*, 125 Mass. 85. *Brenner* v. *Duard*, 126 Mass. 400.

But the plaintiff contends that the case falls within the clause of the bankrupt law which provides that "no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged by proceedings in bankruptcy."

There is no allegation or pretence that the defendant obtained possession of the goods by fraud; and it cannot be contended that he was acting in any fiduciary relation to the plaintiff. *Cronan* v. *Cotting*, 104 Mass. 245. *Woodward* v. *Towne*, 127 Mass. 41.

Nor can it be held that the debt of the defendant was created by his defalcation as a public officer. A defalcation by a public officer implies some breach of trust, such as the failure to account for money or property entrusted to him, and cannot fairly be extended to cover all acts of misfeasance. The act of the defendant in taking the plaintiff's property on a writ against another person was a misfeasance for which he and the sureties on his bond would be liable. *Tracy* v. *Warren*, 104 Mass. 376. But it was not a defalcation which prevents his discharge in bankruptcy from being a bar.

The plaintiff contends that the discharge ought not to operate as a bar, because the effect would be to exonerate the sureties upon the official bond of the defendant from liability for his misfeasance. The St. of 1814, *c.* 165, which is still in force, provides that no suit shall be brought by any person injured by the misfeasance of a constable of Boston upon his bond, until such person shall have recovered judgment against the constable or his executors or administrators. *Calder* v. *Haynes*, 7 Allen,

387. *Tracy* v. *Warren*, 104 Mass. 376. And the plaintiff argues that the provision of the bankrupt law that no discharge "shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint con tractor, indorser, surety, or otherwise," applies to this case. A similar question arose in *Carpenter* v. *Turrell*, 100 Mass. 450. That was a suit against bankrupts, in which an attachment had been made more than four months before the commencement of the proceedings in bankruptcy; the defendants had dissolved the attachment by giving a bond under the general statutes, and the plaintiffs sought to obtain a special judgment so as to enable them to avail themselves of the bond. But it was held that the discharge in bankruptcy was a bar to the further prosecution of the suit, and that such special judgment could not be entered. The judgment and the reasoning in that case are decisive of the case at bar. The defendant is entitled to the benefit of the express provisions of the bankrupt law, which make his discharge a bar to the plaintiff's claim, although the incidental effect is to exonerate the sureties on his official bond from a future collateral liability.       *Exceptions overruled.*