GEORGE U. CROCKER vs. FREDERICK J. BUTTRICK & others.

Suffolk.     January 10, 1905. — March 2, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Bond.   Constable.*

An action can be brought on the official bond of a constable in the city of Boston in the name of the city treasurer to whom the bond has been given under R. L. c. 25, § 90, c. 26, §§ 2, 14, without obtaining authority from any public officer.

CONTRACT, under St. 1814, c. 165, and acts in addition or amendment thereto, on a constable's bond given by the defendant Buttrick as principal and the defendants Deane and Gunn as sureties for the faithful performance by Buttrick of his duties as a constable in the city of Boston.   Writ dated March 22, 1904.

In the Superior Court the case was tried before *Schofield*, J. At the close of the plaintiff's evidence the defendants offered no evidence, and, among other requests, requested the judge to rule: 1. That on all the evidence the jury must return a verdict for the defendants.   3. That no third person can bring an action for his own benefit unless authorized by the proper officer. 4. That there is no authority from the proper officer for the plaintiff to bring this suit in her own name, and for her own benefit.   10. That this action cannot be maintained under St. 1814, c. 165, and acts in addition or amendment thereto, they having been repealed by the Revised Laws.

The judge refused to rule as requested, and ruled that upon the evidence and admissions of fact the plaintiff had shown a breach of the bond, and was entitled to judgment in the penal sum of the bond, $3,000, and that execution should issue for the amount of the judgment of Hyams against the defendant Buttrick which is mentioned in the opinion, with interest thereon, and ordered the jury to return a verdict for the plaintiff in that sum, which was agreed by the parties to be $170.42.   The defendants alleged exceptions.

*J. L. Sheehan*, for the defendants.

*D. Benshimol*, for the plaintiff.

KNOWLTON, C. J. This is an action brought by one Hyams in the name of the treasurer of the city of Boston, upon a constable's official bond given under the provisions of the R. L. c. 25, § 90, and c. 26, § 14. A copy of the bond is made a part of the bill of exceptions, and it is stated that the giving, approval and filing of the bond appeared in evidence. It was admitted that a judgment was obtained by Hyams against the defendant Buttrick, for acts done by him as constable, and that the judgment was not satisfied after a demand was made upon him, but remained unsatisfied at the time of bringing this action.

The action was brought under the St. 1814, c. 165, and the acts in addition or amendment thereto, and the principal contention of the defendants is that an action could not be brought upon the bond without authority obtained from a public officer. The R. L. c. 25, § 90, provides, in regard to bonds given by constables of towns, that " any person injured by a breach of the conditions thereof may, at his own expense, sue thereon in the name of the town, and the proceedings shall be the same as in an action by a creditor on an administration bond." Under the R. L. c. 149, § 20, a creditor may sue for his own benefit on the bond of an administrator, if he has recovered judgment for his debt against the administrator, and the administrator, after a demand, has neglected to pay it, or to show sufficient goods or estate of the deceased to be taken on execution for the satisfaction of it. An action of this kind may be brought without obtaining leave from the Probate Court. *McKim* v. *Roosa*, 183 Mass. 510. Under the R. L. c. 26, § 14, bonds of constables in the city of Boston are given to the treasurer of the city, and by § 2 of this chapter it is provided that " Chapter twenty-five and all other laws relative to towns shall apply to cities so far as consistent with the general or special laws relative thereto." There is much ground for an argument that these general laws may be applied to the present case, as they seem to have been applied in a similar case brought upon a constable's bond by the treasurer of Boston. See *Tracy* v. *Merrill*, 103 Mass. 280.

It has been stated, however, in several cases within the last forty years, that the St. 1814, c. 165, is unrepealed and still in force. *Calder* v. *Haynes*, 7 Allen, 387. *Tracy* v. *Warren*, 104 Mass. 376. *Hayes* v. *Nash*, 129 Mass. 62. In this view of the

law the result is the same; for the provisions of that statute, as applicable to cases like the present, are identical with those of R. L. c. 25, § 90. It follows that the action properly was brought and that the plaintiff is entitled to recover.

There is no foundation for the contention that the judge could not order a verdict for the plaintiff, but should have submitted the facts and evidence to the jury. The bill of exceptions shows that every material fact appeared or was admitted.

*Exceptions overruled.*