CAROLINE HERTHEL, administratrix, *vs.* JOHN W. MCKIM, Judge of Probate.

Suffolk. December 13, 1905. — March 1, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Executor and Administrator. Attachment.*

Under our statutes the real estate of a deceased person may be attached on mesne process in an action against the administrator of his estate to collect a debt of the deceased.

PETITION, filed on August 23, 1905, by the administratrix with the will annexed of the estate of Frederick J. Herthel, who died testate on January 2, 1904, to dissolve a general attachment upon all the real estate in the county of Suffolk of which the testator died seised and possessed, made in an action brought against the petitioner and a son of the testator by the judge of the Probate Court of the county of Suffolk for the benefit of Eliza Parkman Rhett, a creditor of the testator.

The allegations in the petition seem to have been treated as true. The petition stated that the estate of Frederick J. Herthel was given by his will to the petitioner as residuary devisee and

legatee after the payment of certain small legacies; that the testator left a small amount of personal property, a large amount of real estate, and debts to the extent of about $20,000; that the personal estate was not over $2,000 in value; that the real estate had a net value of $55,000 after deducting mortgages; and that it therefore would be necessary to sell a substantial part of the real estate to pay debts and legacies.

In the Superior Court *Lawton*, J. ordered that the attachment on the real estate be dissolved. The respondent appealed.

*F. H. Williams*, for the respondent.

*G. L. Wilson*, for the petitioner.

KNOWLTON, C. J. This case presents the single question whether a creditor of the estate of a deceased person can attach the real estate of the deceased on a writ against the administrator.

The R. L. c. 178, § 53, provides that " land of a deceased person may be taken on execution on a judgment against his executor or administrator for the debt of the deceased." Another section declares that " All real and personal property which is liable to be taken on execution, except . . . may be attached upon the original writ in any action in which debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover." R. L. c. 167, § 38. The exceptions referred to in the statute are not material to this question. Under these two sections, property, both real and personal, belonging to the estate of a deceased person, may be attached on mesne process in any suit for a debt of the deceased, properly brought against the executor or administrator. The R. L. c. 172, § 5, also expressly recognizes the right of creditors to attach property of a deceased person, in actions against the executor and administrator, for his debts.

Attachments are dissolved by the decease of the defendant during the pendency of the action. R. L. c. 167, § 112. No action, except for necessaries, can be brought against the estate of a deceased person until the expiration of a year from the appointment of the executor or administrator. R. L. c. 141, § 1. As against ordinary claims, therefore, the executor or administrator has a year, after his appointment, within which to collect the assets and pay the debts, and, if the property is insufficient

to pay them in full, to represent the estate insolvent. After the commencement of proceedings in insolvency no action can be brought against him by a creditor, and, if an action has been brought before the commencement of such proceedings, no execution can be obtained in it. R. L. c. 142, §§ 30, 31, 32. It is therefore impossible for a creditor, by bringing an action and making an attachment on mesne process, to obtain any improper preference over other creditors. There is no good reason why the general provisions relating to attachments should not apply to actions against the estates of deceased persons as well as to others. The statutes are broad enough to cover such cases, and attachments in them have been common.

The subject was considered in *Harmon* v. *Osgood,* 151 Mass. 501, and it was held that an action might be brought and an attachment made against an administrator by trustee process, in which a person, having property belonging to the estate, might be summoned and held to answer to the creditor. That case is decisive of the one at bar.

There is no good ground for the contention that, under this petition, the order was made as a matter of discretion, because the attachment was excessive or unreasonable. The petition sets forth the conditions in regard to the real estate, and avers " that said attachment is therefore wrongful, illegal, unreasonable and against the policy of the laws and statutes of this Commonwealth." The prayer for a discharge of the attachment purports to be founded on this averment, and the order must be assumed to have been made for these reasons.

*Petition dismissed.*