JOHN M. RYAN & another *vs.* PERLA C. LYON, executrix.

Middlesex.    March 29, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Executor and Administrator. Equity Jurisdiction,* To allow claim barred by special statute of limitations. *Insolvent Estates.*

In a suit in equity under R. L. c. 141, § 10, against the executrix of the will of a constable, to obtain a judgment for a claim, not prosecuted within two years after the defendant had given notice of her appointment, for a sum of money which the plaintiff had deposited with the defendant's testator to dissolve an attachment of property of the plaintiff, it appeared that the plaintiff had not the right to demand the return of the money until eight days before the expiration

of the period of limitation, that he then demanded such return, that the defendant referred him to her counsel and to a surety company which was the surety on the official bond of the testator, that the surety company took the matter under consideration and did not communicate with the plaintiff until after the period of limitation had expired, when it refused to pay the claim. *Held*, that a finding was warranted that the plaintiff had not been guilty of culpable neglect in not prosecuting his claim within the two year period.

In a suit in equity under R. L. c. 141, § 10, against an executor praying for a judgment on a claim for money had and received by the defendant's testator not prosecuted within two years after the defendant had given notice of his appointment, where it was found, on evidence warranting such a finding, that the plaintiff had not been guilty of culpable neglect in not prosecuting his claim within the two year period, it appeared that before the plaintiff's cause of action accrued the estate of the defendant's testator had been represented insolvent and that commissioners had been appointed under R. L. c. 142. *Held*, that under R. L. c. 142, § 30, no action could have been maintained upon the plaintiff's claim before the expiration of the two year period of limitation and that therefore the plaintiff was entitled to no judgment against the defendant.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 15, 1911, and amended on May 23, 1911, under R. L. c. 141, § 10, against the executrix of the will of William H. Lyon.

The amended bill alleged that William H. Lyon, the defendant's testator, was appointed and confirmed as a constable of the city of Boston to hold office for one year from May 1, 1908, and afterwards gave bond as constable, which bond was approved on June 5, 1908, on which bond the American Surety Company of New York was surety; that on September 19, 1908, Lyon as constable made an attachment of personal property belonging to the plaintiffs by virtue of a writ issued from the Municipal Court of the City of Boston, which was dated September 17, 1908, and was returnable on September 26, 1908, and in which one Capillo was plaintiff, and that afterwards, on the same day, the plaintiffs deposited with Lyon, as constable, the sum of $200 which was the amount of the *ad damnum* of the writ and which Lyon held in place of the property attached, as provided in R. L. c. 167, § 124; that Lyon died on December 26, 1908, and that the defendant was appointed executrix of his will; that she gave her bond as executrix on February 25, 1909, and that notice of her appointment as executrix was duly published; that on February 17, 1911, the action of Capillo against the plaintiffs was settled by agreement of the parties and on that day an entry in that action was made of "Neither Party;" that on the same day

demand was made upon the defendant for the return of the $200 deposited with Lyon and that the defendant referred the plaintiffs to her counsel and also to the American Surety Company, which was the surety on Lyon's bond as constable; that the plaintiffs through their agent saw the American Surety Company, and that the surety company took the matter under consideration, and did not report on the matter until after February 25, 1911, at which time they refused to pay the claim until judgment first had been obtained against the estate of Lyon.

The bill prayed for a judgment for the sum of $200 against the defendant.

The defendant demurred to the amended bill. The demurrer was overruled by *Morton*, J., who made a memorandum of decision as follows:

"The plaintiff was not in a position to make a demand on the estate for a return of the money till February 17, 1911, according to the allegations of the bill, and demand was made on that day on the executrix, and she referred the plaintiff to her counsel and also to the surety company. The surety company took the matter under consideration but did not communicate with the plaintiff till after February 25th when they refused to pay the demand. Under the circumstances it does not seem to me that the plaintiffs have been guilty of culpable neglect. Demurrer overruled."

Later the case was heard upon the merits by *Morton*, J., and the plaintiffs presented evidence in support of the allegations of the bill. The defendant's answer alleged that on October 11, 1909, the estate of Lyon was represented to be insolvent and that commissioners were appointed by the Probate Court to receive and examine claims against the estate.

The defendant offered in evidence a certified copy of the representation of insolvency of the estate of Lyon and the decree thereon, from which it appeared that the estate was represented insolvent and that commissioners to receive and examine claims against the estate were appointed by the Probate Court for the county of Middlesex on October 11, 1909. The admission of this certified copy was objected to by the plaintiffs solely on the ground that it was immaterial. The justice admitted it *de bene*.

The justice found that the plaintiffs were not guilty of culpable neglect in not prosecuting the action within two years and that

justice and equity required that they should have judgment against the estate for the amount claimed. He ordered a decree for the plaintiffs, and at the request of the defendant reported the case for determination by the full court.

If the overruling of the demurrer was correct and if the finding in favor of the plaintiffs was justified upon the evidence, a decree was to be entered for the plaintiffs for the amount claimed with costs. If the overruling of the demurrer was incorrect, or if the finding in favor of the plaintiffs was not justified upon the evidence, the bill was to be dismissed with costs.

The case was submitted on briefs.

*J. Nelson & D. A. Hincks*, for the plaintiffs.

*W. H. Thorpe*, for the defendant.

BRALEY, J. The demurrer was rightly overruled. By R. L. c. 141, § 10, a creditor whose claim has not been prosecuted within two years after an executor or administrator has published notice of his appointment under § 9, may have relief in equity for the amount against the estate, if found not chargeable with culpable neglect in failing to enforce it before the statutory bar had been established. *Ewing* v. *King*, 169 Mass. 97. *Powow River National Bank* v. *Abbott*, 179 Mass. 336. *McMahon* v. *Miller*, 192 Mass. 241.

It is averred in the bill of complaint that the defendant's testator, a constable qualified to serve civil process, attached in an action against them certain personal property of the plaintiffs, which was released upon their depositing with him sufficient money to cover the amount of damages demanded in the writ. The money by R. L. c. 167, § 124, having been held to await the result of the litigation, the termination of the action by the entry of neither party dissolved the attachment, and it was payable to the plaintiffs on demand. *Radclyffe* v. *Barton*, 154 Mass. 157, 158. But pending the proceedings the attaching officer died testate, and the defendant had been appointed executrix, and only eight days appear to have remained after the disposition of the case before the plaintiffs' claim would be barred. A demand by the plaintiffs was necessary before an action could be begun, and although promptly made the defendant referred them to her counsel, and to a surety company which had become surety on the official bond of her testator. *Weston* v. *Ames*, 10 Met. 244. *King* v. *Rice*, 12

Cush. 161, 163. The time within which an action could have been begun elapsed before any definite statement was received from the company, which declined to recognize any liability upon the bond until the plaintiffs obtained judgment against the estate. It is the purpose of the statute to give a remedy to the creditor when he acts with reasonable diligence. If the plaintiffs knew that they must proceed seasonably as the period of limitation was about to expire, the delay seems to have been largely attributable to the attitude of the defendant, and, the plaintiffs' conduct not appearing to have been censurable or blameworthy, they were ostensibly entitled to a trial on the merits. *Waltham Bank* v. *Wright,* 8 Allen, 121, 122. *Ewing* v. *King,* 169 Mass. 97. *McMahon* v. *Miller,* 192 Mass. 241. The evidence so far as reported fully supported the essential averments, and the single justice found, that the plaintiffs had not been guilty of culpable negligence in failing to prosecute their claim, and that justice and equity required that relief should be decreed.

But the plaintiffs cannot have judgment unless the claim would have been enforceable against the defendant as executrix if sued within the prescribed period of two years. *Spelman* v. *Talbot,* 123 Mass. 489, 493. The action is not brought on the testator's official bond to recover the penalty for breach of the condition and to obtain execution for the amount due. R. L. c. 173, § 6, cl. 11; c. 172, §§ 9, 10. It is instituted for money had and received to the plaintiffs' use after the lien of the attachment expired. Before the cause of action accrued the estate however had been represented insolvent and commissioners had been appointed under R. L. c. 142, and by the express provisions of §§ 30-32, the defendant was no longer liable to suit by creditors of the estate. *Herthel* v. *McKim,* 190 Mass. 522, 524.

Nor can the suit be prosecuted for the purpose of obtaining a special judgment which will enable the plaintiffs to compel the surety to make reimbursement. See *Todd* v. *Bradford,* 17 Mass. 567; *Calder* v. *Haynes,* 7 Allen, 387; *Tracy* v. *Warren,* 104 Mass. 376; *Hayes* v. *Nash,* 129 Mass. 62; *Fall River* v. *Riley,* 138 Mass. 336; *S. C.* 140 Mass. 488; *Crocker* v. *Buttrick,* 187 Mass. 461, 462. A creditor under certain conditions specified in the R. L. c. 177, § 25, may have a special judgment against a bankrupt or insolvent who has given bond to dissolve an attachment, which will enable

him to maintain an action against the sureties, but the plaintiffs have not directed our attention to any statute permitting the entry of a special judgment against the executor or administrator of a deceased principal, whose estate is in insolvency, to enable the obligee to sue the surety where there has been a breach of his official bond given for the faithful performance of his duties as constable. The plaintiffs were not remediless. It is the decree of distribution which finally determines the amount to be paid to creditors and even if the return of the commissioners must be presumed to have been made, no decree thereon appears to have been entered. *Bowers* v. *Hammond,* 139 Mass. 360, 363. And if so the plaintiffs, within the eight remaining days, could have applied under R. L. c. 142, § 9, for an extension of time in which to present and prove their debt. *Aiken* v. *Morse,* 104 Mass. 277. *Walker* v. *Lyman,* 6 Pick. 458.

The statute granting relief in equity cannot be construed as superseding these provisions, or as recognizing a right of action by a creditor, where if suit had been promptly commenced, it must have failed by reason of the proceedings in the court of probate, and the bill must be dismissed.

*Decree accordingly.*