**MONOGRAM INDUSTRIES,
INC., Plaintiff,**

v.

**Larry P. ZELLEN and Sylvia B. Zellen, Administrators with the will annexed of the Estate of Everett B. Zellen, Defendants.**

Civ. A. No. 78-2473-C.

United States District Court,
D. Massachusetts.

March 27, 1979.

Robert F. Sylvia, Boston, Mass., for plaintiff.

D. K. Kasakoff, Seder & Seder, Worcester, Mass., for defendants.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a civil action in which plaintiff seeks to collect payment on certain obligations claimed to have been undertaken by the decedent, Everett P. Zellen. Plaintiff, Monogram Industries, Inc., is a Delaware corporation. Its principal place of business is in California. Defendant Larry P. Zellen is a resident of Florida. Defendant Sylvia B. Zellen is a resident of Massachusetts. There being more than $10,000 in controversy, jurisdiction is invoked under 28 U.S. C.A. § 1332.

The matter is now before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1). The motion was briefed by the parties and submitted for this Court's consideration. Defendants contend that Mass. Gen.Laws ch. 198, § 31 confers exclusive jurisdiction upon the state probate court over an estate in which a Representation of Insolvency has been filed prior to the commencement of an action against the estate. Defendants have filed copies of state court proceedings demonstrating that they filed a Representation of Insolvency on August 7, 1978, and that the Probate Court issued its order with respect to that insolvency representation on August 15, 1978. Plaintiff commenced this action on September 19, 1978.

The law is well settled that where the requisite diversity of citizenship and amount in controversy are present, as here, a state statute cannot defeat federal jurisdiction over actions "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate to establish their claims against the estate. *Waterman v. Canal-Louisiana Bank and Trust Co.,* 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909); *Hess v. Reynolds,* 113 U.S. 73, 77, 5 S.Ct. 377, 28 L.Ed. 927 (1885); *Nichols v. Marshall,* 491 F.2d 177, 180–81 (10th Cir. 1974); *Akin v. Louisiana National Bank of Baton Rouge,* 322 F.2d 749, 754 (5th Cir. 1963). A federal court may entertain a suit to establish a debt due from decedent, *Hess v. Reynolds, supra*; *Lee v. Hunt,* 431 F.Supp. 371, 378 (W.D.La.1977); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3610. Therefore, plaintiff's claim is within the jurisdiction of this Court.

In *Herthel v. McKim,* 190 Mass. 522, 77 N.E. 695 (1906), and *The Aetna Casualty and Surety Co. v. Hill,* 359 Mass. 628, 270 N.E.2d 385 (1971), relied on by defendants, plaintiffs sought to attach the property of the estate and the court refused to entertain the suit in courts of general jurisdiction. The rationale of those cases is similar to that applicable here: a federal court may not interfere with state probate proceedings nor exercise control over property in the exclusive possession of the state probate court. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946); *Waterman v. Canal-Louisiana Bank and Trust Co., supra* 215 U.S. at 44, 30 S.Ct. 10.

Since a determination of a debt due from the decedent does not interfere with those matters within the exclusive jurisdiction of the state probate court, plaintiff may establish such a claim in this Court "but the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent." *Waterman v. Canal-Louisiana Bank and Trust Co., supra.*

On the basis of the foregoing, I rule that this Court has jurisdiction over the subject matter of this suit and defendants' motion to dismiss should be and hereby is denied.