# United States Court of Appeals
## For the First Circuit

No. 24-1210

EMIGRANT MORTGAGE COMPANY, INC.; RETAINED REALTY, INC.,

Plaintiffs, Appellees,

v.

DONEYN BOURKE; WILLIAM HAYWARD, SR.,

Defendants, Appellants,

ANY AND ALL OCCUPANTS,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Gelpí, Lynch, and Howard,
Circuit Judges.

Todd S. Dion on brief for appellants.

Brian C. Linehan, Reneau J. Longoria, and Doonan, Graves &
Longoria, LLC on brief for appellees.

January 29, 2025

**LYNCH**, **Circuit Judge**.  Appellants Doneyn Bourke and William Hayward, Sr. in April 2009 defaulted on their $950,000 mortgage on a property in Nantucket, Massachusetts; the mortgage holder foreclosed; and Bourke and Hayward nonetheless refused to vacate the property.  Emigrant Mortgage Company, Inc., the mortgage and note holder, and Retained Realty, Inc., the foreclosure sale purchaser, filed suit under 28 U.S.C. § 1332 to pursue their remedies.  The federal district court rejected Bourke and Hayward's arguments that no federal jurisdiction existed and that the court could not grant the relief sought.  Applying Massachusetts law, the court rejected all of their arguments and counterclaims.  The court entered judgment declaring that RRI is entitled to possession of the property and that Bourke and Hayward owed RRI use and occupancy payments in the amount of $6,500 per month from March 21, 2011 to the date that they vacate the property.  See Emigrant Mortg. Co. v. Bourke, 712 F. Supp. 3d 164, 179-80 (D. Mass. 2024).

Bourke and Hayward's primary argument on appeal is that the Massachusetts statute governing the Land Court deprived the federal court of federal diversity jurisdiction and the ability to grant the relief sought.  We write to make clear that these arguments by Bourke and Hayward are without merit.  We also affirm entry of summary judgment for appellees, relying on the district court's reasoning.

Because the district court granted summary judgment for appellees, we describe the facts giving rise to this lawsuit in a light as favorable to Bourke and Hayward as the record will reasonably allow. See Raheb v. Del. N. Cos., 120 F.4th 896, 897 (1st Cir. 2024). We first describe the state court litigation among the parties.

## A. Massachusetts state court proceedings

On March 2, 2006, the Massachusetts Land Court issued a certificate of title ("COT") to Bourke and Hayward for a parcel of registered land located at 6 Arkansas Avenue in Nantucket, Massachusetts ("the property"). On April 17, 2008, in connection with refinancing on the property, Bourke and Hayward took out a loan from Emigrant in the amount of $950,000 and granted Emigrant a mortgage on the property. On April 22, 2008, the Land Court registered this mortgage on Bourke and Hayward's COT.

Bourke and Hayward failed to make the April 1, 2009 loan payment and all subsequent loan payments to Emigrant. On March 21, 2011, Emigrant foreclosed in two different ways: it conducted a foreclosure sale of the property, see Mass. Gen. Laws ch. 183, § 21 (2024), and its agent made entry onto the property for the purpose of foreclosing, see id. ch. 244, § 1.

On December 14, 2012, Emigrant recorded a certificate of entry ("COE") with the Land Court, which stated that Emigrant's

agent made "open, peaceable and unopposed entry" onto the property on March 21, 2011 "for the purpose . . . of foreclosing." The certificate was signed by two witnesses and notarized.

On December 14, 2012, Emigrant registered a foreclosure deed with the Land Court, which granted the property to RRI for $799,937.66. The Land Court subsequently canceled Bourke and Hayward's COT and issued a transfer COT for the property to RRI. Neither Emigrant's mortgage nor its COE were noted on this transfer COT.

On March 25, 2013, RRI brought a summary process action against Bourke and Hayward in the Nantucket District Court seeking possession of the property. On November 28, 2017, after a two-day bench trial, the court entered a judgment of possession in favor of RRI.

However, the Massachusetts Appellate Division held that the foreclosure by power of sale failed due to the inadequacy of Emigrant's notice of default. See Retained Realty, Inc. v. Bourke, 2019 Mass. App. Div. 183, 2019 WL 7483578, at *2-3 (Dec. 23, 2019). More importantly, the court upheld, over Bourke and Hayward's objection, the Nantucket District Court's finding that Emigrant had made open and peaceable entry onto the property on March 21, 2011, and so had successfully foreclosed by this entry means. Id. at *3. The court noted that "[i]t is not unusual for a mortgagee to pursue different types of foreclosure concurrently." Id.

- 4 -

Nonetheless, the summary process action was premature, given that Bourke and Hayward's three-year period of redemption had not expired. Id. at *4. RRI thus "lacked standing to obtain summary process against [Bourke and Hayward] at the time it filed th[e] action." Id.

On January 7, 2020, after RRI's continuous legal possession and the expiration of the three-year period, the Nantucket District Court entered judgment in favor of Bourke and Hayward for possession of the property consistent with the Appellate Division decision. On June 25, 2021, Bourke filed a Statement of Adverse Claim stating that RRI's "claim of right, title, and/or interest" in the property was adverse to her own. The record shows no later filings in the Land Court.

## B. The federal district court decision

On July 9, 2021, appellees filed a complaint in the United States District Court for the District of Massachusetts under diversity jurisdiction seeking, inter alia, "[j]udgment for [p]ossession of the [p]roperty in favor of RRI" and "[j]udgment in favor of RRI for past due use and occupancy payments." Bourke and Hayward moved to dismiss, challenging the exercise of federal diversity jurisdiction. The district court rejected the challenge, explaining that most of Bourke and Hayward's jurisdictional challenges "rest[ed] upon the mistaken premise that the statutory grant to the Land Court of exclusive jurisdiction

over actions affecting title to registered land, such as the [p]roperty, precludes the maintenance of any such action in federal court." Emigrant Mortg. Co. v. Bourke, 626 F. Supp. 3d 223, 228 (D. Mass. 2022).

On cross-motions, the district court granted summary judgment to appellees and denied Bourke and Hayward's motion and counterclaims. See Emigrant Mortg., 712 F. Supp. 3d at 169. It again rejected the jurisdictional challenge, holding that Mass. Gen. Laws ch. 185 did not deprive it of jurisdiction or the ability to grant the relief sought. Id. at 173-74 (citing Emigrant Mortg., 626 F. Supp. 3d at 228). The court also rejected Bourke and Hayward's argument that appellees' "claims are barred by the prior exclusive jurisdiction doctrine," holding that the doctrine did not apply because "there [wa]s no concurrent proceeding in state court involving the [p]roperty." Id. at 174. The other abstention doctrines invoked by Bourke and Hayward were similarly inapplicable. Id. at 174-75.

On the merits, the court first held that the Massachusetts "Appellate Division's decision did not preclude renewal of RRI's claims in a subsequent action once standing had been obtained" and thus "res judicata d[id] not bar the Plaintiffs' claims." Id. at 176. As to Emigrant's foreclosure by way of entry and possession, the court held that Bourke and Hayward "ha[d] not raised a triable issue of fact regarding entry upon the [p]roperty

by Emigrant" and "there [wa]s no dispute that [Bourke and Hayward] [ha]d not challenge[d] the foreclosure by entry within three years of the recording of the COE," as they were required to do under Massachusetts law. Id. at 177-78. As to RRI's ownership, "[u]nder the doctrine of estoppel by deed, the Foreclosure Deed was sufficient to convey title to RRI upon the expiration of the statutory redemption period" on December 14, 2015. Id. at 179. "Therefore, RRI ha[d] made a showing that it [wa]s entitled to possession of the [p]roperty." Id. at 179. The court found "that RRI [wa]s entitled to use and occupancy in the amount of $6,500 per month from March 21, 2011 to the date that [Bourke and Hayward] vacate the [p]roperty." Id. at 180. Appellees state that as of the filing of their brief, this sum was $1,068,564.38, and that the fair market value of the property was $1,850,000 as of January 12, 2023. Both parties represented in their briefs that Bourke and Hayward continue to occupy the property.[1]

---

[1]   On appeal, Bourke and Hayward challenge the district court's determinations that appellees' claims were not judicially estopped, that Emigrant foreclosed on the property by entry and possession, and that title to the property was conveyed to RRI under the doctrine of estoppel by deed. We reject each of these arguments for the reasons stated by the district court. See Emigrant Mortg., 712 F. Supp. 3d at 175-81. Bourke and Hayward also state that the district court erred "in granting use and occupancy to the Appellees in the amount of $6500.00 per month from December 2011" but have waived the argument because they do not develop it. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In their reply brief to our court, but not in

- 7 -

**II.**

We review the district court's conclusion that it had subject matter jurisdiction over the complaint de novo. See Bower v. Egyptair Airlines Co., 731 F.3d 85, 90 (1st Cir. 2013).

We reject both of the arguments presented by Bourke and Hayward and affirm the district court's ruling. The Massachusetts Land Court statute does not divest the federal district court of diversity jurisdiction under 28 U.S.C. § 1332. We also hold that there is no ongoing state in rem proceeding as to the property which would invoke the doctrine of prior exclusive jurisdiction.

**A.**

Bourke and Hayward argue on appeal that the district court "usurp[ed] the exclusive jurisdiction of the Land Court," citing Mass. Gen. Laws ch. 185, § 1 (a½), which provides that "[t]he land court department shall have exclusive original jurisdiction of . . . [c]omplaints affecting title to registered land." These arguments are without merit and were properly rejected.

---

the district court, Bourke and Hayward make a belated argument contesting whether they had interrupted RRI's peaceable possession of the property during this three-year period. Because the argument was not raised before the district court, it has been waived and we do not consider it. See United States v. Nee, 261 F.3d 79, 86 (1st Cir. 2001) ("It is a cardinal principle that '[i]ssues not squarely raised in the district court will not be entertained on appeal.'" (alteration in original) (quoting United States v. Barnett, 989 F.2d 546, 554 (1st Cir. 1993))).

- 8 -

Under the U.S. Constitution, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction." Kontrick v. Ryan, 540 U.S. 443, 452 (2004) (citing U.S. Const., art. III, § 1). Congress created federal diversity jurisdiction. See 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States.").[2]

"Jurisdiction is determined 'by the law of the court's creation and cannot be defeated by the extraterritorial operation of a [state] statute . . . , even though it created the right of action.'" Marshall v. Marshall, 547 U.S. 293, 314 (2006) (alteration in original) (quoting Tenn. Coal, Iron & R. Co. v. George, 233 U.S. 354, 360 (1914)); see also Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151 (D. Mass. 2013) ("[W]here the requisite diversity of citizenship and amount in controversy are present, a state statute cannot defeat federal jurisdiction." (quoting Monogram Indus., Inc. v. Zellen, 467 F. Supp. 122, 123 (D. Mass. 1979))); 19 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4501 (3d ed.) (explaining that, under the Erie Doctrine, a federal court sitting in diversity will follow state law "except when the matter before the court is

_____

[2]     The diversity and amount-in-controversy requirements under 28 U.S.C. § 1332 were clearly established.

governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or federal common law" (emphasis added)); Joseph W. Glannon, Examples & Explanations: Civil Procedure 224 (9th ed. 2023) ("[A federal statute] is valid and applies in federal court even if the state court would apply a different rule." (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) (wherein the Supreme Court upheld the application of the federal transfer statute, 28 U.S.C. § 1404(a), over conflicting state law))).

This is a longstanding foundational principle. See Chi. & N.W.R. Co. v. Whitton, 80 U.S. 270, 286 (1871) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.").

Mass. Gen. Laws ch. 185, § 1 (a½) does not divest the federal district court of jurisdiction or its ability to grant the requested relief. See Sheehy v. Consumer Sols. 3, LLC, No. 13-10637-EFH, 2013 WL 1748442, at *1 (D. Mass. Apr. 22, 2013) ("While [Mass. Gen. Laws. Ch. 185, § 1] may restrict other state courts' jurisdiction, '[a] grant of exclusive jurisdiction by a state legislature cannot divest a federal court of subject matter jurisdiction.'" (second alteration in original) (quoting Doe v.

<u>Fournier</u>, 851 F. Supp. 2d 207, 219 (D. Mass. 2012))); <u>McLarnon</u> v. <u>Deutsche Bank Nat'l Tr. Co.</u>, No. 15-11799-FDS, 2015 WL 4207127, at *2 (D. Mass. July 10, 2015) (same).

Bourke and Hayward next argue that appellees "effectively" asked the district court to "amend or alter the COT to RRI pursuant to G.L. c. 185, § 114," "which is something only the Land Court can do." <u>See</u> Mass. Gen. Laws ch. 185, § 114 ("No erasure, alteration or amendment shall be made upon the registration book after the entry of a certificate of title . . . except by order of the [Land Court].").

This argument mischaracterizes the relief granted. Appellees sought a declaratory judgment declaring RRI the lawful owner of the property and a judgment in favor of RRI for possession of the property. The district court did not "amend" or "alter" RRI's December 14, 2012 COT to effectuate its judgment. To the contrary, Massachusetts law provides for registration of the federal court judgment concerning title to registered land by the Land Court. <u>See</u> Mass. Gen. Laws ch. 185, § 88 ("If judgment is entered for the plaintiff or demandant in a real action affecting registered land . . . such judgment shall be entitled to registration on presentation of a certificate of the entry thereof from the clerk of the court where the action is pending to the assistant recorder, who shall enter a memorandum upon the certificate of title of the land to which such judgment relates.");

id. § 91 ("A decree of a court of competent jurisdiction affecting title or rights in registered land . . . may be registered in the same manner as a judgment at law.").

**B.**

Bourke and Hayward also make the futile argument that their 2021 Statement of Adverse Claim after appellees had successfully foreclosed by entry somehow created in the Land Court exclusive in rem jurisdiction over the property. This misreads both state and federal law.

The doctrine of prior exclusive jurisdiction holds that "[w]hen one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Marshall, 547 U.S. at 311.

Massachusetts law provides that individuals who "claim[] any right or interest in registered land adverse to the registered owner . . . may . . . make a written statement setting forth fully his alleged right or interest." Mass. Gen. Laws ch. 185, § 112. The Land Court, "upon the motion of any party in interest, shall grant a speedy hearing upon the validity of such adverse claim, and shall enter such judgment thereon as justice and equity may require." Id. (emphasis added). None of the parties in this case have filed such a motion under Mass. Gen. Laws ch. 185, § 112 and no "process subsequently issue[d] in due course." Penn Gen. Cas.

Co. v. <u>Pennsylvania ex rel. Schnader</u>, 294 U.S. 189, 196 (1935).[3]

We rely on the district court's cogent and correct rulings as to all other preserved issues Bourke and Hayward have raised on appeal.

We **affirm**. Costs are awarded to appellees.

---

[3]    Bourke and Hayward also argue that the district court should have abstained from the case under various doctrines of abstention, none of which is applicable here. The doctrine of <u>Younger</u> abstention only applies where there is "an ongoing state judicial proceeding" and where the plaintiff brings a "federal constitutional challenge," neither of which is true here. <u>See</u> <u>Mass. Delivery Ass'n</u> v. <u>Coakley</u>, 671 F.3d 33, 40 (1st Cir. 2012) (quoting <u>Rossi</u> v. <u>Gemma</u>, 489 F.3d 26, 34-35 (1st Cir. 2007)). <u>Burford</u> abstention only applies in "extraordinary circumstances" not present here, where the case "presents 'difficult questions of state law bearing on policy problems of substantial public import'" or "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." <u>Quackenbush</u> v. <u>Allstate Ins. Co.</u>, 517 U.S. 706, 726-27 (1996) (quoting <u>New Orleans Pub. Serv., Inc.</u> v. <u>Council of New Orleans</u>, 491 U.S. 350, 361 (1989)); <u>see also</u> <u>Forty Six Hundred, LLC</u> v. <u>Cadence Ed., LLC</u>, 15 F.4th 70, 78 (1st Cir. 2021) ("We conclude, without serious question, that the Massachusetts summary process scheme is not the kind of state administrative scheme that demands the protective shield of <u>Burford</u> abstention.").